(No. 38025.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BENNIE MAURICE, Plaintiff in Error.

*Opinion filed November 24, 1964.*

HOWARD M. DENENBERG, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and PAUL A. O'MALLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

A writ of error issued to the then criminal court of Cook County in September, 1963, to review the conviction of Bennie Maurice in a bench trial on an indictment charging the illegal dispensing of narcotics for which he was sentenced to a term of 10 to 30 years imprisonment. We have retained jurisdiction under the Judicial Article since

it is alleged that specific acts of the trial court deprived defendant of a fair and impartial trial. While not so stated, due process would be denied were the charges well-founded, and a constitutional question is therefore presented giving us jurisdiction on direct review.

The entire case for the prosecution was contained in a stipulation entered into between the parties. It established that on the evening of December 4, 1961, officers Andrew Craig and F. Allen observed defendant standing on a street corner with Tennessee Boyd. Two or three minutes later defendant passed a silver object to Boyd. As the officers approached, they saw Boyd drop a silver packet to the ground, and officer Craig picked it up. It was also agreed that Boyd, if called, would testify that the packet he dropped on the ground was the same one he received from Maurice, and that officer Craig would testify that the packet which he picked up from the ground was turned over to the crime laboratory by him. Defendant attempted to flee into a nearby restaurant where the pursuing officers observed him stuffing a large silver packet into a napkin holder—seven tinfoil packets containing a white powder were there found by officer Craig. It was further stipulated that the police chemist, if called as a witness, would testify that "on December 5, 1961, he received from Patrolman F. Allen" one foil packet subsequently determined to be heroin, and that on the same day he received from the same officer seven other foil packets also determined to contain heroin. The packets were all introduced into evidence over the specific objection of defendant that there "was nothing to link the packages with the defendant."

We need consider only the propriety of admission of the heroin into evidence. Since we believe error was here committed, a new trial is necessary. The other errors complained of are unlikely to reoccur, and we need not determine their effect here.

While positive identification of the physical evidence

by every person concerned therewith, as well as establishment of continuity of possession is not required (*People v. Collins,* 25 Ill.2d 302; *People* v. *Judkins,* 10 Ill.2d 445), it is essential to a conviction for illegally dispensing narcotics that the material dispensed be proved to be narcotics. The difficulty here lies not in a failure to connect with the defendant the packets secured by the officers—this was adequately accomplished—but in the failure to connect the material analyzed by the chemist with the same packets connected with Maurice. We have no link, either by identification or continuity of possession, between the heroin in evidence and the defendant. The stipulation was that, if called, officer Craig would testify he recovered the packets from the ground and from the napkin holder and delivered the single packet which he "observed the defendant Maurice drop" to the crime laboratory; that the chemist, if called, would testify he received from Patrolman F. Allen the heroin which he tested. It is thus apparent that the stipulated testimony is that Craig was the last officer having possession of any of the packets, and he would testify he delivered one to the crime laboratory, whereas the chemist would testify he received one packet and seven packets from officer Allen. While the State contends, as may well be true, that the discrepancy results simply from inadvertence on the part of the assistant State's Attorney in stating the content of the stipulation for the record, we cannot so assume.

We need only look to the substantial numbers of narcotics cases on our docket in recent years to know that crime laboratory analysis of material suspected to contain narcotics is a frequent occurrence in which identification errors could occur, and that continuity of possession or positive identification is therefore necessary to qualify such material or the results of analyses for admission into evidence. The duty of the State to prove defendant's guilt beyond a reasonable doubt cannot be assisted by judicial

assumption that a stipulation mistakenly states the facts through inadvertence of the representative of the People. Admission of the heroin into evidence without positive identification or continuity of possession was error. Without it there is no proof that the material dispensed by Maurice to Boyd was the same as that tested by the chemist and found to contain narcotics.

The judgment of the circuit court of Cook County must therefore be reversed and the cause remanded for a new trial. It is so ordered.

*Reversed and remanded.*