THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BUFORD, Defendant-Appellant.

(Nos. 58857-8 cons.;

First District (2nd Division)—May 14, 1974.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

After a bench trial in the court below, appellant James Buford (hereinafter defendant) was found guilty of the offense of possession of heroin, pursuant to the provisions of Illinois' Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1100 et seq.), and he was sentenced to a term of 4 months in the House of Correction.

The single issue raised on appeal is whether the State failed to establish beyond a reasonable doubt that the substance possessed by defendant was, in fact, heroin.

Prior to the calling of witnesses in the court below, the following colloquy took place between respective counsel and the court:

"Mr. Sullivan [Assistant State's Attorney]:   *   *   *   Stipulate to the lab report, counsel?

Mr. Carey [Defense Counsel]: Proceed on the misdemeanor, yes. Do you have the lab report? I will.

Mr. Sullivan: All right. Judge, for the record now, Mr. Carey will stipulate to the lab report, and therefore the state will proceed on a, we will ask leave to proceed on the misdemeanor.

The Court: Leave granted to reduce the felony to a misdemeanor. All right."

Officer Cox, called as a State's witness, testified, in pertinent part, that on September 17, 1971, he, along with three other police officers, executed a search warrant in a first-floor apartment located at 3250 South Prairie Avenue in Chicago; that defendant was present when the search warrant was executed; that the officers found "three hypodermic needles, and kitchen cabinet found eight syringes [sic]; found one foil pack containing white powder in bedroom on a bed, and I took one pack, tin foil out of the defendant's right hand front pocket"; and that he arrested defendant.

The following colloquy then took pace between the officer and counsel for the State:

"Q. Did you take that contraband yourself, the foil packet to the Chicago Crime Detection Laboratory?

A. That is correct, sir.

Q. Was that returned on the 22nd of September, 1971, case number 71-12132?

A. Yes.

Q. Charles Vondrak, chemist. That was two foil packets containing total 4.45 grams tan powder which was analyzed and determined to be diacetyl morphine hydrochloride commonly refered [sic] to as heroin, is that correct, officer?

A. Yes, sir."

In addition, three gas bills, addressed to defendant at the Prairie Avenue address, which were found in the apartment on the day of the arrest, were admitted into evidence as State's exhibits. The crime lab report, as well as the substances allegedly possessed by defendant, were never admitted into evidence as part of the State's case. The State rested its case after Officer Cox had undergone cross-examination.[1] Defendant made no motion for a directed finding of not guilty at the close of the State's case.

Defendant testified that he did not have anything in his pocket when the officer searched him; that he had never lived at the Prairie Avenue address and that he had leased the apartment for his girlfriend; that the gas and light service bills for the apartment were in his name; and that, on the day of his arrest, he resided at 3649 South Giles Street in Chicago.

---

[1] We note that in the court below defendant's counsel did not object to any testimony attempting to establish that the substance was heroin.

## I.

We note at the outset, as we did recently in *People v. Johnson* (1st Dist. 1973), 15 Ill.App.3d 680, 304 N.E.2d 688, at trial, and on this appeal, defendant's counsel has been the public defender of Cook County. While it is true, as it was in *Johnson*, that different assistants prosecuted the trial and the appeal, the same questions of propriety and waiver arise in the instant matter. The issue raised on this appeal involves alleged errors in the trial court by the same attorney who now on appeal complains about what he did or did not do in the trial court. Unlike our treatment of the circumstances presented in the *Johnson* case, we find that in this appeal we would be fully justified in disregarding the errors alleged to have been committed in the trial court. However, we will proceed to dispose of the issue presented.

## II.

Defendant contends on appeal that the State failed to satisfactorily sustain its burden of proving a chain of custody of the seized substance from the moment of its seizure to the time of its analysis, which would have insured its trustworthiness as evidence against the defendant. Defendant claims that the stipulation to the laboratory report—which is not spread upon the record before this court—established merely that a named chemist had analyzed two foil packets of tan powder and that he had determined that the substance contained therein was heroin. Further, defendant urges that Officer Cox' testimony established merely that he had obtained two packets of white powder, which he took to Chicago's crime detection laboratory, and that the contraband was returned some four days later under the case number 71-12132.

The State argues, in contradistinction, that, because no objections were made to Officer Cox' testimony relative to the seized substance, and because counsel for defendant had stipulated to the contents of the laboratory report, the State sustained its burden of establishing beyond a reasonable doubt that the substance possessed by defendant was heroin.

Defendant submits that *People v. Resketo* (1st Dist. 1972), 3 Ill.App. 3d 633, 279 N.E.2d 432, is determinative of the issue presented upon this appeal. In *Resketo*, an arresting officer, acting pursuant to a search warrant, found defendant in possession of a vial containing white powder, which was subsequently transported to a crime laboratory. At trial, the prosecutor stated for the record, after having given an erroneous case number, that "one plastic container containing .34 grams of white powder subjected to various chemical identity tests, determined

to be amphetamines, a dangerous drug. * * * This is the defendant you arrested?" (*Resketo, supra*, at page 634.) To this last question, the arresting officer answered in the affirmative. In reversing defendant's conviction and remanding the cause for a new trial, the *Resketo* court held that there was a complete lack of proof that the substance found by the arresting officer was actually the same material which had been subjected to the chemical tests. In so holding, the court found that there was no evidence presented with respect to whom the vial was delivered, no evidence of its condition when delivered, and no evidence as to which laboratory the substance was delivered or that it ever reached the Chicago Police Department crime laboratory.

The State, on the other hand, contends that *People v. Polk* (1960), 19 Ill.2d 310, 167 N.E.2d 185, an unlawful sale of narcotics case, should control our determination here. In *Polk*, an arresting officer testified that a glassine envelope introduced into evidence, which he identified by his initials, contained a white powder, and that after he had received the envelope from the defendant, he had initialed it, inventoried it at the detective bureau, and delivered it to a crime laboratory for analysis. A stipulation was then entered into by both defendant and the State; the stipulation was:

> "[I]f Daniel Dragel were called to testify and sworn, he would testify that he is a qualified chemist, a member of the Chicago Police Scientific Crime Detection Laboratory, and he examined the white powder, the substance that was found in the glassine envelope that was referred to here in the testimony as People's exhibit 3 for identification, that he examined it and found a quantity of white powder, 1.53 grams, that it was subjected to various chemical identity tests and the results are as follows: that that exhibit is diacetyl morphine hydro-chloride, commonly referred to as heroin, and that the unconsumed portion of that exhibit is presently here in court.'" *Polk, supra*, at page 313.

Our supreme court in *Polk* held that the stipulation had the effect of eliminating proof of the continuity of possession, and that the evidence, together with the stipulation, was sufficient to establish the *corpus delicti* of the unlawful sale of narcotics. The court stated at page 315 in *Polk*:

> "While proof of continuity of possession may be necessary under certain circumstances, it has no application here. The stipulation had the effect of eliminating proof which otherwise might have been required. The law is well established that an accused may, by stipulation, waive the necessity of proof of all or part of the case which the People have alleged against him. Having done so,

he cannot complain of the evidence which he has stipulated into the record. *People v. Pierce*, 387 Ill. 608; *People v. Malin*, 372 Ill. 422."

■■ A stipulation has been defined by Illinois Law and Practice (34 I.L.P. *Stipulations,* sec. 1) as an agreement between parties or their attorneys with respect to business before a court, and courts look with favor upon stipulations designed to simplify, shorten, or settle litigation. (34 I.L.P., *supra.*) With respect to evidence, it has been said, "* * * stipulations relating to evidence should be construed to ascertain and give effect to the intention of the parties, and they should be broadly construed in the furtherance of justice. Such stipulations are binding and conclusive on the parties." (34 I.L.P., *supra,* at sec. 7.) Moreover, proof of the stipulated facts is unnecessary, because the stipulation is substituted for proof and dispenses with evidence. 34 I.L.P., *supra,* at sec. 8.

We find upon a reading of the record presented here that it was clearly the intention of the parties that the contents of the laboratory report be the subject of their agreement; thus, under the stated rules, proof of the stipulated facts was dispensed with. The dispute raised on appeal with respect to the colors of the powder—whether it was tan or white—is, in our opinion, without significance, based upon all the attendant circumstances involved herein. The laboratory report referred to heroin; Officer Cox testified regarding the substance heroin; and indeed, defense counsel, in his cross-examination of Cox, himself referred to heroin as the substance allegedly within his client's possession.

■■ We further find that defendant's reliance upon *People v. Resketo* is misplaced. First of all, there was no stipulation to the contents of the laboratory report made by defense counsel in *Resketo;* thus, the case is clearly distinguishable from the matter at hand on that ground. Moreover, the *Resketo* court found a complete lack of proof that the substance found by the arresting officer was actually the same material which had been subjected to chemical tests; we do not find, upon a reading of the record, that the same circumstances regarding proof obtains in the case at bar.

For these reasons, then, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

HAYES, P. J., and LEIGHTON, J., concur.