698 N.E.2d 610 (1998)
298 Ill. App.3d 13
232 Ill.Dec. 519
In re R.F., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.F., a Minor, Respondent-Appellant).
No. 1-97-3781.
Appellate Court of Illinois, First District, First Division.
July 27, 1998.
Public Defender of Cook County, Chicago (Rita A. Fry, Emily Eisner, of counsel), for Respondent-Appellant.
State's Attorney of County of Cook, Chicago (Richard A. Devine, Renee Goldfarb, Michelle Grimaldi Stein, Lecia J. Rives (law clerk), of counsel), for Petitioner-Appellee.
Justice GALLAGHER delivered the opinion of the court:
This appeal involves the chain of custody of narcotics admitted during minor respondent R.F.'s (respondent's) adjudicatory hearing to determine delinquency. A finding of delinquency was made based on allegations of possession of a controlled substance and possession with intent to deliver a controlled substance. 720 ILCS 570/401 through 402 (West 1996). Respondent was sentenced to the Department of Corrections. He appeals on the ground that the State did not establish a foundation for the admission into evidence of one packet of a substance which was stipulated by the parties to contain .01 grams of heroin.
The State has conceded on appeal "that a proper chain of custody or foundation for the admission into evidence of the heroin recovered from respondent was not laid." The only question before this court therefore is whether the insufficiency of the foundation requires outright reversal or reversal and remand for another adjudicatory hearing.
The State argues that reversal and remand are appropriate since there was the improper admission of evidence here, rather than an insufficiency of evidence. The State cites People v. Maurice, 31 Ill.2d 456, 202 N.E.2d 480 (1964), in support of its position. In that case the police observed defendant selling heroin and recovered the heroin. A police chemist's stipulated testimony revealed that several foil packets received from a police officer contained heroin. The packets were all introduced into evidence over the defendant's objection that no evidence linked the packets with the defendant. The supreme court said that since the trial court erroneously admitted the packets, a new trial was necessary. The court also stated: "Admission of the heroin into evidence without positive identification or continuity of possession was error. Without it there is no proof that the material dispensed by Maurice to Boyd [the alleged purchaser] was the same as that *611 tested by the chemist and found to contain narcotics." 31 Ill.2d at 459, 202 N.E.2d 480.
Presumably, the Maurice court believed that the chain of custody could be established through competent evidence upon remand. The fact that the court remanded that case, however, does not compel the same conclusion here. The court did not rule that all such cases must be remanded. Moreover, the State in that case indicated that the stipulation as to the heroin was misstated, not that a chain of custody did not exist. Thus, the supreme court concluded that improper evidence was admitted, not that the State insufficiently proved its case.
The instant case is different. After putting on its case, the State failed to show a foundation for the admission of the heroin. A clear plastic bag containing tinfoil packets was recovered by one officer. This was inventoried and given number 1744762. There were 23 separate packets in the bag. A stipulation entered into at the hearing disclosed that a forensic scientist, Mr. Moka, examined one packet which tested positive for .01 grams of heroin. The officer could not recall whether he inventoried the items under number 1744762. The State did not refresh the officer's recollection. There were no matching inventory numbers between the items seized and the substance analyzed. No inventory envelope was introduced into evidence. Thus, the evidence was insufficient to establish a foundation that the 23 packets, one of which contained heroin, were in fact recovered from the respondent.
Reversal for trial error is a determination that the defendant has been convicted by means of a judicial process defective in some fundamental respect, whereas reversal for evidentiary insufficiency occurs when the prosecution has failed to prove its case, and the only proper remedy is a judgment of acquittal. People v. Olivera, 164 Ill.2d 382, 393, 207 Ill.Dec. 433, 647 N.E.2d 926 (1995), citing People v. Mink, 141 Ill.2d 163, 173, 152 Ill.Dec. 293, 565 N.E.2d 975 (1990). The first instance does not preclude retrial under the double jeopardy clause of the United States Constitution; the second instance does. Mink, 141 Ill.2d at 173, 152 Ill.Dec. 293, 565 N.E.2d 975. We find that there was no fundamental defect in the judicial process in the adjudicatory hearing. Rather, there was evidentiary insufficiency due to a failure on the part of the State to lay a foundation for the connection between respondent and the heroin.
This insufficiency of evidence requires that we reverse outright. Our decisions in People v. Terry, 211 Ill.App.3d 968, 156 Ill.Dec. 310, 570 N.E.2d 786 (1991), and People v. Gibson, 287 Ill.App.3d 878, 223 Ill.Dec. 234, 679 N.E.2d 419 (1997), are in accord with this remedy.
Reversed.
SHEILA M. O'BRIEN and O'MARA FROSSARD, JJ., concur.