Third Division

  November 15, 2002  

No. 1-01-2143

THE PEOPLE OF THE STATE OF ILLINOIS,   )  Appeal from the 

    )  Circuit Court of 

Plaintiff-Appellee,    )  Cook County.

    )

    ) 

       )

SHELTON MOORE,    )  Honorable 

    )  Catherine M. Haberkorn,

Defendant-Appellant.    )  Judge Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

While on probation, the defendant, Shelton Moore, was charged with delivery of a controlled substance within 1,000 feet of a church, delivery of a controlled substance within 1,000 feet of a school, and delivery of a controlled substance.  Subsequently, the State filed a petition alleging that the defendant had violated the terms of his probation by committing the offense of delivery of a controlled substance.  In consolidated proceedings, the trial court, at the end of the State's case-in-chief, granted the defendant's motion for a directed finding as to the charges for delivery of a controlled substance within 1,000 feet of a school or church.  Following closing arguments, the trial court found the defendant not guilty of delivery of a controlled substance, but found him guilty of violating his probation.  The trial court revoked the defendant's probation and sentenced him to a prison 
term of three years.  On appeal, the defendant contends that:  (1) the evidence was insufficient to prove that he violated his probation by committing the offense of delivery of a controlled substance; (2) his trial counsel was ineffective for failing to object to the consolidation of the trial on the delivery charges with the hearing on the petition to revoke probation; and (3) his sentence should be vacated because he was sentenced without a presentence investigation report.  For the reasons which follow, we reverse.  

On April 8, 1999, the defendant pled guilty to delivery of a controlled substance in case number 99 CR 3865, and was placed on probation for 24 months.  While on probation, on January 30, 2000, the defendant was charged with delivery of a controlled substance under case number 00 CR 5935.  On April 3, 2000, the State filed a petition for violation of probation, in which it alleged that the defendant had violated his probation in case number 99 CR 3865 by committing the offense of delivery of a controlled substance with which he was charged in case number 00 CR 5935.
(footnote: 1) 

The defendant and codefendant Barry Miller were tried jointly in a bench trial on the charges of delivery of a controlled substance.  The following evidence was presented at trial.  Chicago police officer Jeffery Adamik testified that, on January 30, 2000, he was working undercover near 5702 North Winthrop Avenue in Chicago when he approached Miller and asked if he had any cocaine.  Miller stated he did not have any cocaine, but then motioned over to the defendant, who was standing nearby.  Officer Adamik and Miller walked over to the defendant, who then took the officer to an alley.  The defendant asked the officer "how much," and Adamik responded, "I need one."  At that point, the defendant removed a clear plastic bag containing a substance which the officer  suspected to be crack cocaine from his mouth, and handed it to Officer Adamik in exchange for a $10 bill, the serial number of which had been recorded.  Officer Adamik then signaled to his backup police officers that he had made a narcotics purchase.  When asked if he inventoried the item he received from the defendant, Officer Adamik replied "yes."  No further testimony was elicited about the chain of custody of the contraband.  

Chicago police officer Jonathan Way testified that, after receiving a radio transmission from Officer Adamik providing a description of the offenders, he arrested the defendant and recovered the prerecorded $10 bill, which Officer Adamik then inventoried.  After Officer Way testified, the following colloquy took place: 

"MS. O'MALLEY [prosecutor]: *** There would be 

a stipulation by and between the parties that the 

chain of custody is in tact [
sic
].  That were Star 

Cirks, C-i-r-k-s, called to testify, she would testify 

she is a forensic scientist with the Illinois State 

Police, who analyzed the substance in the instant case 

to be point one gram of cocaine from one plastic bag, 

that was inventoried under No. 2293629."

With that, the State would rest.

MR. RUSNAK [defense counsel]: Your Honor, we 

would stipulate that forensic scientist Star Cirks 

tested an item that had been inventoried under 2293629, 

and that tested positive for cocaine.  That's what we 

would stipulate to."

After the State rested, defense counsel immediately made a motion for a directed finding, arguing, 
inter
 
alia
, that the State had not proven a sufficient chain of custody because it presented no testimony showing that the item inventoried by Officer Adamik was the same item tested by the forensic scientist.  In response, the State argued that Officer Adamik did testify that he had inventoried the item.  The trial court granted the motion for directed finding as to the charges for delivery of a controlled substance within 1,000 feet of a school or church, but denied the motion on the charge for delivery of a controlled substance.   The defense rested without presenting any evidence. 

During closing arguments, defense counsel reiterated his argument about the insufficiency of the chain of custody.  Following closing arguments, the trial judge, noting that both the violation of probation and the charge for delivery of a controlled substance were pending before it and involved the same facts, asked the prosecutor if she wanted a ruling on both cases simultaneously.  The prosecutor acquiesced to a simultaneous ruling on both cases, and defense counsel did not object.  Thereafter, the trial court found the defendant guilty of violating his probation, but not guilty of delivery of a controlled substance.  The trial court then found that the defendant's probation was terminated unsatisfactorily and sentenced him to three years in prison.  The defendant now appeals the trial court's order revoking his probation.  

The defendant first contends that the State failed to prove that he violated the terms of his probation.  The defendant does not contest that the commission of the offense of delivery of a controlled substance constitutes a violation of probation, given that one of the conditions of his probation was that he not violate any criminal statute.  Rather, he argues that the State did not prove that he committed that offense because Officer Adamik's testimony was insufficient to establish a proper chain of custody linking the substance recovered from him to the substance tested by the forensic scientist.    

 The State must prove a violation of probation by a preponderance of the evidence.  730 ILCS 5/5-6-4(c) (West 2000).  When the trial court finds that a violation has been proved, this court will reverse only if the finding is against the manifest weight of the evidence.  
People v. Leigh
, 45 Ill. App. 3d 563, 565 (1976).  

When contraband is sought to be introduced, it is the State's burden to establish "'a chain of custody of sufficient completeness to render it improbable that the [evidence] has been tampered with, exchanged, or contaminated.'" 
People v. Gibson
, 287 Ill. App. 3d 878, 880-81 (1997), quoting 
People v. Terry
, 211 Ill. App. 3d 968, 973 (1991).  The State must show that the police took reasonable protective measures to ensure that the substance taken from the defendant was the same as the substance tested by the forensic chemist.  
People v. Ryan
, 129 Ill. App. 3d 915, 919 (1984).  This requires proof of delivery, presence, and safekeeping.  
Gibson
, 287 Ill. App. 3d at 882.  Unless the defendant produces evidence of actual tampering, substitution, or contamination, the State is only required to establish that reasonable protective measures were employed to protect the evidence from the time that it was seized and that it is improbable that the evidence was altered.  
People v. Bynum
, 257 Ill. App. 3d 502, 510 (1994).  Once the State has done so, the evidence is admissible and any remaining deficiencies in the chain of custody merely go to the weight of the evidence.  
People v. Pettis
, 184 Ill. App. 3d 743, 753-54 (1989).  Finally, where there is a link in the chain missing, but testimony has described the condition of the evidence when it was seized and that description matches the condition of the evidence when examined, a continuous chain of custody is established.  
People v. Irpino
, 122 Ill. App. 3d 767, 775 (1984). 

Defendant argues that, although the State offered to stipulate that the "chain of custody is in tact [
sic
]," the only stipulation accepted by both parties was that the forensic scientist analyzed the substance inventoried under number 2293629 and determined that it contained 0.1 gram of cocaine.  The State does not address the defendant's argument as to what was agreed to in the stipulation.  Instead, the State argues that it established a sufficient chain of custody because there was no evidence suggesting that the evidence in question was subject to alteration, substitution or tampering.  We will address each argument in turn.

A stipulation has been defined as an agreement between parties with respect to business before the court.  
People v. Buford
, 19 Ill. App. 3d 766, 770 (1974).  Stipulations relating to evidence should be construed to ascertain and give effect to the intention of the parties.  
Buford
, 19 Ill. App. 3d at 770.  A review of the record in this case shows that, after the State offered the stipulation stating that "the chain of custody is in tact [
sic
]," defense counsel clarified the facts to which he intended to stipulate and specifically omitted this phrase.  Defense counsel then immediately moved for a directed finding, arguing that the State failed to prove that the item inventoried by Officer Adamik was the item tested by the forensic scientist.  Defense counsel made the same assertion in his closing argument.  Under these particular facts, we find that defense counsel did not intend to stipulate to the chain of custody of the alleged contraband from the police officer to the crime laboratory.  Accordingly, we must now consider whether, without this stipulated fact, there was sufficient evidence to prove a chain of custody. 

In 
People v. Gibson
, 287 Ill. App. 3d 878 (1997), the police, while investigating a complaint of narcotics sales, observed the defendant drop a clear plastic bag.  The police officer recovered the bag and saw that it held 19 clear plastic bags containing a substance which the officer suspected to be cocaine.  After arresting the defendant, the police officer then transported the evidence to the police station and assigned it an inventory number.  At trial, the parties stipulated that the evidence assigned to that same inventory number weighed 9.3 grams and tested positive for crack cocaine.  In finding that the State failed to prove a sufficiently complete chain of custody, we stated there was "no evidence regarding the handling and safekeeping of the evidence between the custody of [the police officer] and [the lab technician], there was also no evidence specifically detailing what procedures [the police officer] himself employed with regard to the safekeeping of that evidence."  
Gibson
, 287 Ill. App. 3d at 882.  We noted that, other than the testimony of the police officer that he inventoried the recovered objects under a certain inventory number, the only evidence offered to prove the chain of custody was the parties' stipulation that the lab technician tested the evidence assigned to that same inventory number.  
Gibson
, 287 Ill. App. 3d at 882.  The failure of the State to establish a sufficient chain of custody, combined with the discrepancies as to the weight of the evidence, led us to reverse the defendant's conviction.  
Gibson
, 287 Ill. App. 3d at 882-83.

We find that the chain of custody in the instant case suffers from the same infirmities as in 
Gibson
.  Here, as in 
Gibson
, the State did not present any evidence detailing what procedures, if any, Officer Adamik employed concerning the handling and safekeeping of the evidence between his recovery of the plastic bag and the custody of the evidence by the State's forensic scientist.  At least in 
Gibson
, the police officer testified that he transported the evidence to the police station and assigned it an inventory number.  Here, there was no such testimony. Officer Adamik merely testified that he inventoried the item retrieved from the defendant; he did not testify as to what inventory number he assigned to the item.  The State did not elicit any further testimony regarding the handling and safekeeping of the evidence, such as whether the evidence was sealed or secured in the plastic bag, whether the forensic scientist received a sealed bag, where the bag was kept before it was turned over to the State laboratory, or when the bag was turned over.  Further, as we found earlier, the defendant did not stipulate to the chain of custody.  The State correctly asserts that, because the defendant made no claim of and presented no evidence of actual tampering, it was only required to establish that reasonable protective measures were employed from the time the evidence was seized and that it was improbable that the evidence was altered.  The State, however, has simply failed to do so in this case.  As in 
Gibson
, other than the testimony that Officer Adamik inventoried the item given by the defendant, the only evidence the State offered to prove the chain of custody was the stipulation that established that the forensic scientist analyzed the substance that was inventoried under number 2293629, which tested positive for 0.1 gram cocaine.  The State argues that we cannot rely on cases which apply a reasonable doubt burden of proof where it was only required to establish the defendant's violation of probation by a preponderance of the evidence standard. In the instant case, however, the State presented no evidence of safekeeping and thus did not meet its burden under either standard of proof.  We find that the State failed to present sufficient evidence of "delivery, presence and safekeeping" to establish a sufficiently complete chain of custody.  
Gibson
, 287 Ill. App. 3d at 882, 
citing
 
People v. Judkins
, 10 Ill. 2d 445, 448 (1957).     

We have concluded that the State failed to establish a sufficient chain of custody for the item seized from the defendant.  The defendant argues that, as such, the State failed to prove that the substance he delivered to Officer Adamik was a controlled substance and accordingly, the trial court's finding that he violated the terms of his probation is against the manifest weight of the evidence.  Therefore, he asserts that we must reverse the trial court's order revoking his probation.  

Our research reveals that attacks on the sufficiency of a chain of custody have been raised and addressed both in the context of a sufficiency of the evidence argument, as in this case, (see 
Judkins
, 10 Ill. 2d at 448; 
People v. Pavone
, 241 Ill. App. 3d 1001, 1004 (1993)
; 
Gibson
, 287 Ill. App. 3d at 880
)), and in the context of a claim that the trial court erred in admitting certain evidence because the chain of custody was not established (see 
People v. Payne
, 239 Ill. App. 3d 698, 706 (1993); 
People v. Lach
, 302 Ill. App. 3d 587, 593-94 (1998); 
People v. Dixon
, 228 Ill. App. 3d 29, 38-39 (1992)).  When the issue is one which concerns the sufficiency of the evidence, we are required to reverse outright, whereas the erroneous admission of evidence is a procedural error which allows us to remand for a new trial.  
People v. Olivera
, 164 Ill. 2d 382, 393 (1995).  

In 
People v. Maurice
, 31 Ill. 2d 456 (1964), the defendant had been convicted of illegal dispensing of narcotics.  At trial, the parties entered into a stipulation which provided that police officers would testify that they recovered a total of eight tinfoil packets which had been disposed of by the defendant and a third person to whom he had sold one of the packets.  The stipulation further provided that Officer Craig would testify that he delivered a single foil packet to the crime laboratory and that the chemist would testify that he received from Officer Allen eight foil packets, all of which tested positive for the presence of heroin. 
Maurice
, 31 Ill. 2d at 457.  Our supreme court found that the State had failed "to connect the material analyzed by the chemist with the same packets connected with" the defendant.  
Maurice
, 31 Ill. 2d at 458.  It refused to accept as true the State's assertion that the discrepancy was due to the inadvertence of the assistant State's Attorney that read the stipulation into the record.  Rather, the court concluded that the admission of the heroin into evidence without a sufficient chain of custody was error and, accordingly, reversed the defendant's conviction and remanded for a new trial.  
Maurice
, 31 Ill. 2d at 457-59.  

Subsequently, in 
In re R.F.
, 298 Ill. App. 3d 13 (1998), this court found the chain of custody over a controlled substance to be lacking and reversed the respondent's adjudication outright.  At the adjudicatory hearing, the State established that a plastic bag containing 23 tinfoil packets was recovered by a police officer and then given an inventory number.  A stipulation provided that a forensic scientist examined one packet which tested positive for .01 gram of heroin.  The officer could not recall whether he inventoried the items under the same inventory number.  The court noted that there were no matching inventory numbers between the items seized and the substance analyzed, and no inventory envelope was introduced into evidence.  
In re R.F.
, 298 Ill. App. 3d at 15. The court found the evidence insufficient to establish a foundation that the 23 packets, one of which contained heroin, were in fact recovered from the respondent.  
In re R.F.
, 298 Ill. App. 3d at 15.  The court then determined whether the insufficiency of the foundation for the admission of the heroin required an outright reversal, or a reversal and remand for another adjudicatory hearing.  In distinguishing 
Maurice
, this court stated:

"Presumably, the 
Maurice
 court believed that 

the chain of custody could be established through 

competent evidence upon remand.  The fact that the 

court remanded that case, however, does not compel 

the same conclusion here.  The court did not rule 

that all such cases must be remanded.  Moreover, the 

State in that case indicated that the stipulation as 

to the heroin was misstated, not that a chain of custody 

did not exist.  Thus, the supreme court concluded 

that improper evidence was admitted, not that the 

State insufficiently proved its case.

The instant case is different.  After putting on 

its case, the State failed to show a foundation for 

the admission of the heroin."  
In re R.F.
, 298 Ill. App. 

3d at 15.  

This case before us is more akin to 
In re R.F.
 than to 
Maurice
.  In 
Maurice
, it appeared that there may have simply been an error in reading the stipulation into the record.  Here it is clear that the defendant never intended to stipulate that the chain of custody was intact.  
The State has simply failed to prove its case, as there was no evidence establishing a sufficient chain of custody.  Accordingly, the insufficiency of evidence requires that we reverse the trial court's order revoking the defendant's probation.  See 
In re R.F.
, 298 Ill. App. 3d at 16; 
Gibson
, 287 Ill. App. 3d at 882-83; 
People v. Slaughter
, 149 Ill. App. 3d 183, 187-88 (1986).  In light of our decision, we need not address the defendant's remaining arguments on appeal.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

SOUTH, P.J., and HALL, J., concur.

FOOTNOTES
1:  The petition also alleged that the defendant violated his probation by committing the offense of delivery of cannabis on January 29, 2000, and for failing to pay the entire amount of the probation fee, as ordered by the court.  However, no evidence was presented on either of these two charges at the subsequent probation revocation hearing.