THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GENERAL COWANS, Defendant-Appellant.

First District (6th Division)   No. 1—01—0514

Opinion filed December 6, 2002.

Michael J. Pelletier and Christopher W. Buckley, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Heather Weiss, and Todd Richard Dombrowski, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial defendant was found guilty of one count of possession of a controlled substance with intent to deliver. The trial court sentenced defendant to seven years in the Illinois Department of Corrections. On appeal, defendant challenges the sufficiency of the evidence and contends the stipulated facts, together with the entire trial record, fail to establish a complete chain of custody for the controlled substance.

## BACKGROUND

The State called Officer McCarthy as a witness and introduced additional evidence through two stipulations. McCarthy testified that around 9:45 p.m. on January 22, 2000, near 4936 West Huron Street, he observed defendant with the aid of binoculars. During a five-minute surveillance McCarthy saw four individuals approach defendant, engage in a brief conversation, and give defendant money. Defendant placed the money in his pants pocket and gave a small object to each individual. When McCarthy was about 15 feet away, defendant looked in his direction and threw a number of small plastic bags to the ground. McCarthy recovered from the ground nine small plastic bags containing what he suspected to be cocaine. Defendant was arrested. McCarthy searched defendant and recovered $190 from his pants pocket. McCarthy testified that he later inventoried the nine small plastic bags under inventory number 2295494 and the money under inventory number 2295495. The Nash School was located about one block away.

The State offered two stipulations agreed to by defense counsel.

By way of stipulation it was agreed that if Investigator Tansy were to testify he would state that he measured the distance from 4936 West Huron Street to the Nash School and found it was 742 feet. It was further stipulated that if forensic scientist Maureen Duffy were to testify she would state that she received nine items under inventory number 2295494 and tested five of the nine items, which she found contained 1.2 grams of cocaine.

Defendant and Lonniece Young-Frazier testified in the defense case. Frazier testified that she knows defendant but does not know him personally. On January 22, 2000, between 9 p.m. and 10 p.m., she was a passenger in a car in front of 4935 West Huron Street. She saw the defendant walking westbound on the north side of Huron Street when two uniformed officers, a male and female, approached him. Defendant put his hands up in the air. Frazier testified that she did not see defendant drop anything on the ground and did not see anyone passing objects for money. She testified that the officers searched defendant, handcuffed him, and placed him in the police car. Frazier testified that the male officer had a flashlight and was looking on the ground all over the area, including under porches two or three houses away.

Defendant testified that he was walking home from the store after playing the lottery. He was on the north side of Huron Street. Officer McCarthy and a female police officer pulled up in a marked squad car. Defendant denied he had anything in his hands or dropped anything; he denied selling drugs or possessing any drugs. Defendant stated that McCarthy searched him, found money, and told the female officer that defendant must be doing something. Defendant was handcuffed and placed in the squad car. McCarthy searched the area with a flashlight. Defendant testified that when McCarthy got into the car he showed defendant a plastic pouch and then drove to the police station.

## ANALYSIS

■ Defendant stipulated to certain facts at trial. Generally, a defendant is precluded from attacking any facts previously agreed to in a stipulation. Defendant does not attack the specific facts agreed to in the stipulation. Defendant, relying on *In re R.F.*, 298 Ill. App. 3d 13, 16 (1998), challenges the sufficiency of the evidence and argues that the stipulated facts, together with the entire trial record, fail to establish a sufficiently complete chain of custody.

■ When a defendant challenges the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2788-89 (1979); *People v. Cox,* 195 Ill. 2d 378, 387 (2001). A challenge to the sufficiency of the evidence is not subject to the waiver rule and may be raised for the first time on direct appeal. *People v. Enoch,* 122 Ill. 2d 176 (1988).

■ Before real evidence may be admitted at trial, the State must provide an adequate foundation either by way of live testimony or stipulation which establishes that the item sought to be introduced is the actual item involved in the alleged offense and that its condition is substantially unchanged. *People v. Cole,* 29 Ill. App. 3d 369, 375 (1975). Where an item possesses unique and readily identifiable characteristics and its substance is relatively impervious to change, testimony at trial that the item sought to be admitted in evidence is the same one recovered and in substantially the same condition as when recovered is sufficient to establish an adequate foundation. *People v. Gilbert,* 58 Ill. App. 3d 387, 384 (1978). If the item is not readily identifiable or if it is susceptible to alteration by tampering or contamination, its chain of custody must be established by the State with sufficient completeness to render it improbable that the original item has either been exchanged, contaminated, or subjected to tampering. *People v. Winters,* 97 Ill. App. 3d 288, 289 (1981).

The character of the item determines which method for laying an adequate foundation must be used. *People v. Graves,* 107 Ill. App. 3d 449, 454 (1982). Based on the character of the evidence in this case, the chain of custody must be established by the State with sufficient completeness to render it improbable that the original item has either been exchanged, contaminated, or subjected to tampering. Thus, the State was required to establish a chain of custody to demonstrate the connection between the items recovered from the ground by Officer McCarthy after discarded by defendant and the items tested by forensic scientist Maureen Duffy.

Regarding that connection, the record contained the testimony of Officer McCarthy and the stipulated testimony of forensic scientist Maureen Duffy. The testimony of Officer McCarthy on direct examination by the State regarding recovering and handling the controlled substance was as follows:

"Q. What happened as you were approaching the defendant?

A. He looked in my direction, and he threw to the ground numerous plastic bags. I recovered these bags and found them to be nine clear, plastic bags each containing white, rocky substance that I believed to be crack cocaine.

\* \* \*

Q. Officer, did you later inventory the U.S. currency and the suspect rock cocaine?

A. Yes.

\* \* \*

Q. And did you inventory the nine, clear baggies containing the suspect rock cocaine under inventory number 2295494?

A. Yes."

On cross-examination McCarthy testified as follows:

"Q. And you were 15 feet away from him, and that's when he threw these things down on the ground?

A. I said approximately 15 feet.

Q. And could you see then what those things were?

A. I could tell they were, at least, clear, plastic bags.

Q. Were they tinted at all?

A. Yes.

Q. What color tint?

A. Green."

The agreed stipulation between the State and defense regarding the testimony of forensic scientist Duffy was as follows:

"[711 LAW CLERK FOR THE STATE]: Also, that if Maureen Duffy, a forensic scientist employed by the Illinois State Police Division of Forensic Services were to be called, she would testify that on February 7, 2000, she received the following inventory number, 2295494, which contained nine items, and that she tested five of those nine items and that she has determined that—with a reasonable degree of scientific certainty that the five tested items tested positive for 1.2 grams of cocaine. So stipulated?

[DEFENSE ATTORNEY]: Yes."

The testimony of Officer McCarthy and the stipulation regarding the testimony of forensic scientist Duffy was in total the evidence produced by the State regarding chain of custody.

■ In order to prove its case, the State is required to prove a connection between the defendant and the illegal contraband. In doing so the State is required to establish a proper chain of custody. A sufficient chain of custody does not require that every person involved in the chain testify, nor must the State exclude all possibilities that the evidence may have been subject to tampering. *Winters*, 97 Ill. App. 3d at 295. The State must demonstrate that the evidence has not been changed in any important respect. *People v. Hominick*, 177 Ill. App. 3d 18, 29 (1988). The State is required to establish that it took reasonable protective measures since the substance was seized. *People v. Hermann*, 180 Ill. App. 3d 939, 944 (1988). The purpose of the protective measures is to ensure that the substance taken from the defendant was the same as the substance tested by the forensic chemist. *People v. Ryan*, 129 Ill. App. 3d 915, 919 (1984).

We are mindful that unless the defendant produces actual evidence of tampering, substitution, or contamination, the State need only establish a probability that tampering, substitution or contamination did not occur, and any deficiencies go to the weight rather than the admissibility of the evidence. *Hominick*, 177 Ill. App. 3d at 29. In the instant case, defendant did not produce actual evidence of tampering, substitution, or contamination. Therefore, the State is only required to establish a probability that reasonable protective measures were employed to protect the evidence from the time it was seized and that it was improbable the evidence was altered. *People v. Bynum*, 257 Ill. App. 3d 502, 510 (1994). To establish a sufficiently complete chain of custody, the State is required to prove delivery, presence, and safekeeping of the evidence. *People v. Gibson*, 287 Ill. App. 3d 878, 882 (1997).

The State, relying on *People v. Irpino*, 122 Ill. App. 3d 767 (1984), contends that the chain of custody was sufficiently established in this case because the "testimony clearly demonstrated that the evidence seized 'matched' the evidence subjected to chemical analysis." We recognize that if one link in the chain is missing, but there is evidence describing the condition of the evidence when delivered which matches the description of the evidence when examined, the evidence can be sufficient to establish chain of custody. *Irpino*, 122 Ill. App. 3d at 775.

Officer McCarthy testified he recovered from the ground nine small plastic bags with a green tint that contained suspected crack cocaine after being discarded by the defendant. The record reflects by way of stipulation that the forensic scientist received nine items and tested the contents of five items, which she found to contain 1.2 grams of cocaine. The officer's description includes details about the color, shape and packaging of the items, but not the weight. The forensic scientist's stipulation contains no corresponding details about the color, shape and packaging of the items. The forensic scientist's stipulation includes a weight estimate, but in no way further describes the items.

Here, the only common features in the testimony describing the condition of the evidence when seized and the description of the evidence when tested are the number of items and the inventory number. The stipulation of the testimony provided by the forensic scientist did not include whether the items she received were in plastic bags or whether the bags were colored or clear. The stipulation of the testimony provided by the forensic scientist did not include any description as to size, shape, or color of the items received. Officer McCarthy described the evidence as a white, rocky substance. However, there was no corresponding or "matching" description provided by the forensic scientist in the stipulation as to the shape and color of the substance. While there was evidence that the nine plastic bags

retrieved from the ground by Officer McCarthy were distinctive in color, that distinctive color was not included in the description of the items tested by the forensic scientist provided by the State's stipulation. Rather, the stipulation referenced the evidence by use of the generic term "items." The "items" received by forensic scientist Duffy were given no further description in the stipulation.

As noted, where there is evidence describing the condition of the evidence when seized, which matches the description of the evidence when examined, the evidence can be sufficient to establish chain of custody. *Irpino*, 122 Ill. App. 3d at 775. For the reasons previously discussed, we cannot conclude that the record reflects the condition of the evidence when seized sufficiently matches the description of the evidence when tested. This gap in the chain of custody is not resolved by the record.

Moreover, the record reflects several additional missing links in the chain of custody regarding proof of handling, delivery, presence, and safekeeping of the evidence. To establish a sufficiently complete chain of custody, the State is required to prove delivery, presence, and safekeeping of the evidence. *Gibson*, 287 Ill. App. 3d at 882. The record reflects no reasonable protective techniques regarding custody, handling, delivery, presence, and safekeeping of the alleged contraband. The State presented no evidence of what procedures, if any, were used in the handling and safekeeping of the evidence between Officer McCarthy's recovery of the plastic bags and the receipt of the evidence by forensic scientist Duffy 16 days later. The record contains no evidence either by live testimony or stipulation as to what Officer McCarthy did with the plastic bags he retrieved from the ground after defendant allegedly discarded them, other than the fact that McCarthy inventoried those items under an inventory number. There is no evidence that the plastic bags recovered from the ground from Officer McCarthy were placed in any closed or sealed container or envelope or were initialed or dated by Officer McCarthy; no evidence as to what condition the items were kept in during the 16 days that passed before forensic scientist Duffy received them; no evidence that the items received at the crime laboratory were received sealed; and no evidence of the whereabouts of the plastic bags for the 16 days that passed from the time Officer McCarthy recovered the plastic bags on January 22, 2000, and February 7, 2000, when forensic scientist Duffy received the items.

Regarding chain of custody, the State relies on *People v. Leemon*, 66 Ill. 2d 170, 172 (1977), and argues "the court held in *Leemon* that the police officer's testimony identifying the bag he recovered from the defendant, together with a stipulation between the parties that the contents of the bag were LSD, made a sufficient showing of continuity

of possession of custody." In *Leemon*, Officer Edwards described the bag of LSD he purchased from defendant which he had marked with the date and his initials. That plastic bag containing LSD was received in evidence. Unlike *Leemon*, the record in this case contains no testimony by Officer McCarthy during trial identifying the baggies he recovered from the defendant, either in the form of live testimony or by way of stipulation. There is no evidence that Officer McCarthy marked the baggies with the date and his initials. In *Leemon*, the plastic bag containing LSD recovered by the police officer from the defendant was received in evidence. Unlike *Leemon*, in the instant case the baggies containing the controlled substance recovered by Officer McCarthy were not offered into evidence by the State or received into evidence by the court either through live testimony or by way of stipulation. The controlled substance in this case was never given an exhibit number. Here, the State not only failed to provide an adequate foundation to introduce the contraband into evidence, but it never sought to introduce into evidence the controlled substance either by live testimony or stipulation.

As previously noted, the State must provide an adequate foundation demonstrating the item sought to be offered into evidence is the actual item involved in the alleged offense and its condition is substantially unchanged. McCarthy never identified the narcotics as those retrieved after being discarded by defendant nor did the State establish that fact by way of stipulation. McCarthy never testified that, at the time of trial, the controlled substance was in substantially the same condition as when he inventoried it, nor did the State establish that fact by way of stipulation. The record reflects no evidence by way of live testimony or stipulation that the items recovered by McCarthy were substantially unchanged from the time of the offense to the time of trial. The record contains no evidence either by live testimony or stipulation that Officer McCarthy would identify the items tested by Duffy and would testify that these items were in the same or substantially the same condition as when he recovered these items from the ground after they were allegedly discarded by defendant on January 22, 2000. These gaps in the chain of custody are not resolved by the record.

There are additional gaps in the chain of custody. There is no evidence either by way of direct testimony or stipulation regarding delivery of the items to the crime laboratory. The stipulation indicates the items were received on February 7, 2000. However, there is no evidence in the record as to where those "items" were for 16 days from January 22, 2000, until February 7, 2000. There is no testimony, live or stipulated, describing the condition of the items when delivered

to the crime laboratory. There is no evidence the items were delivered in a closed or sealed container. There is no evidence of any protective measures the State took from the point the substance was recovered by Officer McCarthy until the point the items were received 16 days later at the crime laboratory by forensic scientist Duffy.

Reversal for evidentiary insufficiency is required when the State fails to prove its case. As recently noted in *People v. Moore*, "When the issue is one which concerns the sufficiency of the evidence, we are required to reverse outright, whereas the erroneous admission of evidence is a procedural error, which allows us to remand for a new trial." *People v. Moore*, 335 Ill. App. 3d 616, 623 (2002), citing *People v. Olivera*, 164 Ill. 2d 382, 393 (1995). In this case, defendant challenges the sufficiency of the evidence. There is no issue regarding the erroneous admission of the controlled substance, because the State never sought to admit the controlled substance either by live testimony or stipulation.

Moreover, in this case there is no challenge to the stipulated facts and no contention that the stipulations were misstated. See *People v. Maurice*, 31 Ill. 2d 456, 457-59 (1964) (where stipulation was misstated, court concluded admission of heroin into evidence without sufficient chain of custody required reversal and remand for new trial). Rather, in the instant case, the defendant challenges the sufficiency of the evidence and argues that the stipulated facts, considered together with the entire trial record, fail to establish a sufficiently complete chain of custody. See *In re R.F.*, 298 Ill. App. 3d at 15 (insufficient foundation provided by State for admission of controlled substance required outright reversal).

## CONCLUSION

■ The evidence was insufficient to sustain defendant's conviction because the State failed to establish a sufficient chain of custody for the controlled substance. The State failed to demonstrate that the police took reasonable protective measures to ensure that the substance recovered by Officer McCarthy from the ground after abandoned by defendant was the same or substantially the same as the items tested by forensic chemist Duffy. There was no evidence regarding the handling and safekeeping of the controlled substance from the point in time when Officer McCarthy recovered the evidence until the point in time when forensic scientist Duffy received the evidence 16 days later.

Other than the testimony of Officer McCarthy that he inventoried the evidence under inventory number 2295494, the only other evidence offered to prove the chain of custody was the stipulation, which merely

established that Duffy tested five of nine "items" assigned to inventory number 2295494, which tested positive for 1.2 grams of cocaine. The State failed to establish a sufficiently complete chain of custody by proof of delivery, presence and safekeeping of the controlled substance. The State failed to establish a probability that reasonable measures were used to protect the evidence from the time that it was seized and that it was improbable the evidence was altered.

For the reasons previously discussed, we find the evidence was insufficient to prove defendant guilty beyond a reasonable doubt.

Reversed.

O'BRIEN, P.J., and GALLAGHER, J., concur.