NOTICE
Decision filed 02/03/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230170-U

NO. 5-23-0170

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| | ) | |
| v. | ) | No. 21-CF-36 |
| | ) | |
| RICARDO L. POWELL, | ) | Honorable |
| | ) | Michelle M. Schafer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The State failed to prove the elements of unlawful use of a weapon beyond a reasonable doubt.

¶ 2    This is a direct appeal from the circuit court of Williamson County. Following a bench trial, defendant, Ricardo Powell, was convicted of unlawful use of a weapon. The trial court sentenced him to fines, fees, and forfeiture of his firearm owner's identification (FOID) card and firearms. Defendant appeals, arguing that the evidence was insufficient to convict him. For the reasons that follow, we reverse.

¶ 3                    I. Background

¶ 4    We include only those facts necessary for the resolution of the issues on appeal. On January 30, 2021, Marion police officer Charles Welge stopped defendant for expired registration,

1

speeding, failure to make a complete stop at a stop sign, and failure to signal before turning. The stop occurred as defendant stopped on the street near his home. Officer Welge's squad car was equipped with a dashboard camera that activated when he turned on his emergency lights, which he did before stopping defendant. Defendant pulled into the driveway and called for his mother. Officer Welge observed a firearm in the car and arrested defendant. Officer Welge placed defendant in his squad car and recovered a Smith and Wesson firearm from defendant's parked car. Officer Welge ran defendant's name through the Marion Dispatch system, which stated that defendant had a "revoked Illinois FOID status."

¶ 5     On February 1, 2021, the State charged defendant by information with two counts of aggravated unlawful use of a weapon, alleging that he possessed a firearm and that his FOID card had been revoked. The charges stemmed from defendant's alleged possession of a Ruger 9-millimeter loaded with ammunition (count I) and three magazines loaded with ammunition with a total of 47 rounds (count II). The State later added count III, charging defendant with aggravated unlawful use of a weapon, alleging that he knowingly carried in a motor vehicle a Smith and Wesson .380 firearm and a Ruger 9-millimeter firearm, at a time when he was not on his own land, or in his own abode, or in a fixed place of business, and he had not been issued a currently valid license under the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2018)). The State later added count IV, alleging that defendant "knowingly carried in a motor vehicle a firearm that was immediately accessible at the time when he was not on his own land, or in his own abode, or fixed place of business, in violation of Section 24-1(a)(4), Act 5, Chapter 720, Illinois Compiled Statutes," a Class A misdemeanor. 720 ILCS 5/24-1(a)(4) (West 2018).

¶ 6    Defendant waived his right to a jury trial in exchange for the State's dismissal of counts I-III. The matter proceeded to a stipulated bench trial on count IV. The parties agreed to a sentencing recommendation if defendant was found guilty.

¶ 7    At the stipulated bench trial, the parties stipulated that Officer Welge would testify consistently with the incident report dated January 30, 2021. The incident report indicated that on January 30, 2021, at approximately 11:31 in the morning, Officer Welge observed a 2004 grey Mercury vehicle traveling with an expired Illinois registration. Officer Welge noticed that the vehicle traveled at "a fast pace" and did not signal as it turned, nor did the vehicle make a complete stop at a stop sign. Officer Welge activated his emergency lights and stopped the vehicle in front of 1212 W. Goodall Street. A male exited the vehicle. Officer Welge observed "a black handgun next to the driver seat and the driver door." Officer Welge "asked the male to give me his identification and asked about the gun." When the man "attempted to open the driver door," Officer Welge "placed [him] in handcuffs and secured the male in the rear of [his] patrol vehicle." Officer Welge identified the male as defendant.

¶ 8    The incident report further noted that Officer Welge opened the driver's door and located a loaded Smith and Wesson .380 between the driver's door and the seat. Officer Welge opened a black bag located on the passenger seat which contained a loaded Ruger 9-millimeter and three magazines with a total of 47 rounds, as well as two other .380 magazines with a total of 19 .380 rounds. Officer Welge also located cannabis and a weighing scale in the bag with the Ruger firearm.

¶ 9    Neither party presented arguments. After considering Officer Welge's report, the court found defendant guilty of unlawful possession of a weapon under section 24-1(a)(4) of the Criminal Code of 2012 (Code) (*id.*) and entered a judgment of conviction on count IV. The court

sentenced defendant to $764 in fines and costs, forfeiture of his FOID card, and forfeiture of his firearms.

¶ 10    This timely appeal followed.

¶ 11                                         II. Analysis

¶ 12    On appeal, defendant argues the evidence was insufficient for a finding of guilt for unlawful use of a weapon. Defendant argues that the State presented no evidence regarding the status of his concealed carry license nor any evidence demonstrating that defendant received notice that his FOID card was revoked at least 48 hours before his arrest. The State responds, contending that possession of a firearm without a valid FOID card is a strict liability offense, and as such, any rational trier of fact would have found defendant guilty beyond a reasonable doubt. Following briefing and oral argument in this case, the Illinois Supreme Court released its decision in *People v. Harvey*, 2024 IL 129357. This court directed the parties to address the impact of *Harvey* on this case. Following our consideration of the supplemental briefing, we reverse defendant's conviction outright.

¶ 13    We review challenges to the sufficiency of the evidence by determining "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Harvey*, 2024 IL 129357, ¶ 19. In so doing, we review the evidence in the light most favorable to the State, which means "that all reasonable inferences from the record in favor of the [State] will be allowed." *Id.*

¶ 14    Here, count IV alleged that defendant "knowingly carried in a motor vehicle a firearm that was immediately accessible at the time when he was not on his own land, or in his own abode, or fixed place of business, in violation of Section 24-1(a)(4), Act 5, Chapter 720, Illinois Compiled

4

Statutes," a Class A misdemeanor. 720 ILCS 5/24-1(a)(4) (West 2018). The statute states as follows:

> "A person commits the offense of unlawful use of weapons when he *knowingly*:
> * * *
> > (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm ***[.]" (Emphasis added.) *Id.*

The statute continues and notes several exemptions. Relevant to this appeal, one exemption states

> "that this subsection (a)(4) does not apply to or affect transportation of weapons that meet one of the following conditions:
> * * *
> > (iv) are carried or possessed in accordance with the Firearm Concealed Carry Act by a person who has been issued a currently valid license under the Firearm Concealed Carry Act[.]" *Id.* § 24-1(a)(4)(iv).

¶ 15     In *Harvey*, the defendant was pulled over for driving with an obstructed windshield. *Harvey*, 2024 IL 129357, ¶ 3. One of the officers testified that he observed the defendant, sitting in the front seat, reach down towards the floorboard while the vehicle was being pulled over. *Id.* The other officer smelled alcohol while speaking with the defendant and the driver and saw two cups in the cup holders. *Id.* ¶ 4. The officers searched the vehicle and discovered a semiautomatic pistol. *Id.* At trial, it was established that both officers asked the defendant if he had either a FOID card or a concealed carry license (CCL), and the defendant told both officers he did not have either. *Id.* ¶¶ 5-6. The trial court found the defendant guilty of misdemeanor unlawful use of a weapon (720 ILCS 5/24-1(a)(10)(iv) (West 2018)), concluding his furtive movement in the area from which the weapon was recovered was sufficient to establish his constructive possession of it on a public street. *Id.* ¶ 7. The court, however, did not mention the defendant's statements to the officers regarding not having a CCL. *Id.*

5

¶ 16    Before the supreme court, the defendant contended that "the State had to prove that he did not fall within the concealed carry exception by showing he had not been issued a currently valid CCL at the time of the stop." *Id.* ¶ 13. The defendant argued that the State did not meet this burden, and his conviction, therefore, should be reversed. *Id.* The State argued it was sufficient to prove the defendant merely did not present a CCL at the time of the stop. *Id.* ¶ 14. The supreme court disagreed, holding:

> "[I]t was not enough for the State to show that [the defendant] did not present a CCL at the time of the stop. To establish liability under section 24-1(a)(10) and to meet its burden of showing that the concealed carry exception did not apply, the State had to show that [the defendant] had not been issued a valid CCL." *Id.* ¶ 16.

The supreme court determined, however, that the defendant's "admission that he had not been issued a valid CCL did not require independent corroboration under the *corpus delicti rule*" and "the evidence adduced at trial was sufficient to sustain his conviction." *Id.* ¶ 29.

¶ 17    Although the supreme court in *Harvey* examined section 24-1(a)(10)(iv) of the Code, and here, defendant was convicted under unlawful possession of a weapon under section 24-1(a)(4), we find the cases analogous. The supreme court held in *Harvey* that not being issued a CCL, and thus not being covered by the concealed carry exception, is an element of unlawful use of a weapon the State is required to prove. The concealed carry exception set forth in the unlawful use of a weapon statute (720 ILCS 5/24-1(a)(10)(iv) (West 2022)) expressly contemplates "a person who has been issued a currently valid license *under the *** Concealed Carry Act*." (Emphasis added.) Likewise, a defendant's status as a "licensee" for purposes of the Concealed Carry Act, namely being "a person issued a license to carry a concealed handgun" (430 ILCS 66/5 (West 2022)), is an element of a Concealed Carry Act violation the State is required to prove beyond a reasonable doubt.

6

¶ 18    Here, the only evidence provided during the stipulated bench trial was a stipulation that Officer Welge would testify consistently with the incident report dated January 30, 2021, and the trial court was provided with a copy of that report for its consideration. The incident report indicated that on January 30, 2021, at approximately 11:31 in the morning, Officer Welge observed a 2004 grey Mercury vehicle traveling with an expired Illinois registration. Officer Welge noticed that the vehicle traveled at "a fast pace" and did not signal as it turned, nor did the vehicle make a complete stop at a stop sign. Officer Welge activated his emergency lights and stopped the vehicle in front of 1212 W. Goodall Street. A male exited the vehicle. Officer Welge observed "a black handgun next to the driver seat and the driver door." Officer Welge "asked the male to give me his identification and asked about the gun." When the man "attempted to open the driver door," Officer Welge "placed [him] in handcuffs and secured the male in the rear of [his] patrol vehicle." Officer Welge identified the male as defendant. The incident report further noted that Officer Welge opened the driver's door and located a Smith and Wesson .380 "that was loaded" between the driver's door and the seat. Officer Welge opened a black bag located on the passenger seat which contained a loaded Ruger 9-millimeter and three magazines with a total of 47 rounds, as well as two other .380 magazines with a total of 19 .380 rounds. Officer Welge also located cannabis and a weighing scale in the bag with the Ruger firearm.

¶ 19    The incident report noted that Officer Welge "ran [defendant] through the Marion Dispatch, dispatch stated that [defendant] had a revoked Illinois FOID status." After considering Officer Welge's report, the court found defendant guilty of unlawful possession of a weapon under section 24-1(a)(4) of the Code and entered a judgment of conviction on count IV. Here, although the police incident report mentioned a revoked FOID card, the evidence presented at the stipulated bench trial is devoid of any evidence related to whether defendant actually had a revoked FOID

7

and CCL, as required by statute and pursuant to *Harvey*. As such, the State failed to meet its burden of proving the elements of the offense charged.

¶ 20    Because the State failed to meet its burden, this court must reverse defendant's conviction outright, where "[r]eversal for evidentiary insufficiency is required when the State fails to prove its case." *People v. Cowans*, 336 Ill. App. 3d 173, 181 (2002). Since we find the evidence insufficient to sustain defendant's conviction, retrial is barred by double jeopardy. *People v. Olivera*, 164 Ill. 2d 382, 393 (1995). As we reverse on this basis, we need not consider defendant's other challenge to the sufficiency of the evidence or his claim of having been afforded ineffective assistance of counsel.

¶ 21                                              III. Conclusion

¶ 22    For the foregoing reasons, the evidence is insufficient to support a verdict of guilty for unlawful use of a weapon. Accordingly, the judgment of the circuit court of Williamson County is reversed.


¶ 23    Reversed.