THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEMO D. WHIRL, Defendant-Appellant.

Second District    No. 2—02—1142

Opinion filed June 15, 2004.—Rehearing denied September 17, 2004.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kristine A. Karlin, of Mt. Prospect, for the People.

JUSTICE McLAREN delivered the opinion of the court:

Following a trial by jury, defendant, Kemo D. Whirl, was convicted of two counts of residential burglary (720 ILCS 5/19—3(a) (West 2000)) and one count of possession of a controlled substance (720 ILCS 570/ 402(c) (West 2000)) and sentenced to the Illinois Department of Corrections. Defendant now appeals his convictions. We reverse his convictions and remand in part for a new trial.

Defendant first contends that the trial court erred in allowing the State to use all of his prior convictions for impeachment at trial. Before trial, defendant moved *in limine* to exclude from evidence, "or at least limit the manner in which they are introduced and the number introduced," 10 convictions that he had received between 1993 and 1999. Included in this list were a conviction of residential burglary, two of burglary, several of theft, and two involving controlled substances. The trial court noted that both defendant's criminal history and the current case included controlled substance charges and "the same type of charge in here, I mean the same word of 'burglary.' " The court then denied the motion, explaining:

"These are all within a 10-year period of the alleged commission in [*sic*] this offense, and I think that's one of the things people bring to the stand. They bring the entire past to the stand."

At trial, defendant testified during his case in chief that he had been convicted of some crimes, including felonies and "charges of a theft nature." On cross-examination, the State asked specifically if he had been convicted of "theft of a stolen [*sic*] motor vehicle," burglary, residential burglary, possession of a controlled substance, delivery of a controlled substance, deceptive practices, and theft. After each charge listed by the State, defendant answered, "Correct."

The State argues that this issue is waived because defendant did not object at trial to the State's use of the prior convictions. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (defendant waives an issue on appeal unless he objects at trial and includes the issue in a posttrial motion). However, an issue is preserved for appeal if there has been *either* an objection at trial *or* it has been raised in a motion *in limine*, and it is also raised in a posttrial motion. *People v. Hudson*, 157 Ill. 2d 401, 434–35 (1993); *People v. Barajas*, 322 Ill. App. 3d 541, 553 (2001). As defendant moved *in limine* and raised the issue in his posttrial motion, the issue is properly preserved for appeal.

■ Evidence of prior convictions is admissible for impeachment

purposes if (1) the witness's crime was punishable by death or by imprisonment for more than one year, or the crime involved dishonesty or false statement regardless of the punishment; (2) the witness's conviction or release from confinement, whichever date is later, occurred less than 10 years before the date of trial; and (3) the danger of unfair prejudice does not substantially outweigh the probative value of the conviction. *People v. Montgomery*, 47 Ill. 2d 510, 516 (1971). This last element involves a balancing of probative value and prejudicial effect. *People v. Cox*, 195 Ill. 2d 378, 383 (2001). In balancing these factors, the trial court should consider the nature of the prior crimes, the length of the criminal record, the age and circumstances of the witness, and, most importantly, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. *Cox*, 195 Ill. 2d at 383. Convictions of the same crime for which a defendant is on trial should be admitted sparingly. *Cox*, 195 Ill. 2d at 384. The trial court has discretion in the balancing test and in determining whether a prior conviction is admissible. *Cox*, 195 Ill. 2d at 383. However, the trial court should not apply the balancing test mechanically (*Stokes v. City of Chicago*, 333 Ill. App. 3d 272, 279 (2002)), and the record must include some indication that the trial court was aware of its discretion to exclude a prior conviction (*People v. Elliot*, 274 Ill. App. 3d 901, 907 (1995)).

■ The record in this case reveals a complete abdication by the trial court of its role in balancing the probative value and prejudicial effect of defendant's prior convictions. The court simply noted that the convictions were within 10 years of the trial, then ruled that defendant's entire history was fair game. If anything, the only real consideration the court seemed to give to any factor was that prior convictions of the crimes for which defendant was on trial should *especially*, rather than sparingly, be used. We cannot find that the trial court abused its discretion, because the court failed to exercise its discretion. This is the type of mechanical application of a rule, without the exercise of discretion, that a trial court is to avoid. In the absence of an exercise of discretion, we cannot defer to the trial court and assume that the probity of the admitted convictions of possession of a stolen motor vehicle, burglary, residential burglary, possession of a controlled substance, delivery of a controlled substance, deceptive practices, and theft outweighed their prejudice to defendant.

The State argues that, even if admission of the convictions was error, it was harmless error, as the outcome of the trial would not have been different. Without detailing the evidence in this case, we decline to conclude that forcing defendant to admit to seven different felonies,

including some prior convictions of the crimes for which defendant was on trial, did not adversely affect the integrity of the criminal process. That much information regarding defendant's criminal history provides little more information to the jury than the fact that defendant likes to commit crime. The trial court had the opportunity to weigh the factors and explain its reasoning in allowing all the convictions to be used. However, the court demonstrated no evidence that it weighed the factors or exercised discretion. Therefore, defendant's convictions must be reversed and the cause remanded for a new trial.

The trial court's abdication of its responsibilities is further demonstrated by its actions in the next two issues raised by defendant. On October 15, 2001, defendant filed a motion claiming ineffective assistance of counsel on the part of Senior Assistant Public Defender Steve Dalton. Defendant alleged that Dalton would not return his telephone calls, had seen defendant only two or three times, refused to talk about the case, and failed to file any motions; thus, there was a complete breakdown in communication. Dalton requested "some sort of finding on the merits of the motion. Granting it. Appoint another counsel, or find it has no merits." The court continued the case for two weeks and told defendant that, if he was still dissatisfied, they would talk again.

On January 4, 2002, Dalton informed the court that he had received three communications from defendant asking him to withdraw from the case. Dalton filed a motion to withdraw as counsel, which the court *granted* without comment. The court then gave the public defender one week to determine if another assistant could be appointed without a conflict. On the next court date, Theresa Rioux of the office of the public defender appeared on defendant's behalf. The court told defendant that he would have "two counsels who will be first chair." The court also refused defendant's request for appointment of a private attorney. Ms. Rioux appeared on the next court date but never again appeared on the case. Dalton continued his representation through the remainder of the case, even after defendant filed a complaint against him with the Attorney Registration and Disciplinary Commission and another motion alleging ineffective assistance of counsel, by both Dalton and Rioux.

After trial, defendant filed a *pro se* motion to amend his previous motion alleging ineffective assistance of counsel, adding 13 new allegations, and a 5-page motion claiming ineffective assistance of counsel— posttrial. While the trial court denied a motion for a new trial that Dalton filed, the court never ruled on defendant's motions.

The court was aware of defendant's dissatisfaction with Dalton

and eventually allowed Dalton to withdraw. However, the court never gave explicit reasons as to why it granted Dalton's motion to withdraw. Although the trial court allowed Dalton's withdrawal and appointed Rioux, Rioux appeared only twice and provided no substantive representation. The court then allowed Dalton to continue what was in essence his solo representation of defendant. The court made no effort to ensure that the attorney that it appointed actually represented defendant, and it allowed a withdrawn attorney, whom defendant accused several times of ineffective assistance, to represent him through a jury trial and sentencing.

After trial, defendant filed two *pro se* motions alleging ineffective assistance of counsel, yet the court neither investigated the claims nor ruled on the motions. A trial court must conduct some type of inquiry into the underlying factual basis, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel. *People v. Moore*, 207 Ill. 2d 68, 79 (2003). Some interchange between the court and trial counsel is usually necessary, but the court may also base its decision on a discussion with the defendant and its own knowledge of counsel's performance at trial. *Moore*, 207 Ill. 2d at 78-79. On appeal, where no such investigation occured, a case must be remanded to the trial court for that purpose. *Moore*, 207 Ill. 2d at 79.

■ In these instances, the trial court again abdicated its role, allowing Dalton's continued representation after he was removed from the case and never addressing defendant's *pro se* allegations of ineffective assistance of counsel. The trial court's dereliction of duty in its failure to address the posttrial motions is magnified by the history of Dalton's representation before, during, and after trial, even after he had withdrawn from the case. We are in no way determining that Dalton's representation was ineffective; however, the trial court failed in its duty to provide defendant with appointed counsel when it removed Dalton from the case yet allowed him to represent defendant throughout the case, and then it compounded its failure when it failed to even address defendant's motions after trial. On remand, the trial court must address the issue of defendant's representation in the previous trial and how it will be handled on retrial.

Finally, defendant contends that he was not proved guilty beyond a reasonable doubt of possession of a controlled substance. When a defendant challenges the sufficiency of the evidence, this court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Cowans*, 336 Ill. App. 3d 173, 175 (2002).

Deputy Joseph Korman of the Du Page County sheriff's office

testified that he was on duty at the Du Page County jail when defendant was brought in by police officers from Wheaton. Korman was in charge of receiving and searching inmates brought to the jail. Part of a search involved removing any items found in an inmate's mouth. Korman saw that defendant had something in his mouth. Defendant told him that it was gum and spit it out into a garbage can. Later, Korman's superior asked him to search defendant's mouth again. Defendant eventually spit out "another pack." Korman recovered "two packs," which he described as two black baggies. Korman gave the baggies to the transporting officers from Wheaton, and he assumed that the baggies were submitted to the crime lab for testing. The baggies were not introduced into evidence; Korman identified them in a photograph marked as People's Exhibit No. 24. According to Korman, the photograph showed the baggies as they appeared on July 11, 2001, the date of defendant's arrest.

The parties then entered into a stipulation, which was read into the record as follows:

"MR. KENT [Assistant State's Attorney]: Judge, the stipulation would be that if Claire Donaghey were called to testify, namely D-o-n-a-g-h-e-y, she would testify that she received two small black baggies from the Wheaton Police Department for testing in relation to the suspect Kemo Whirl. A crime lab report dated October 23, 2001 showed that one of those small baggies tested positive for the presence of cocaine, weighing less than 15 grams. The stipulation would also include that she would be qualified as an expert witness.

\* \* \*

Judge, I believe that the stipulation would include that the two bags depicted in [People's Exhibit No.] 24 are the bags that were tested.

THE COURT: Correct? Correct, Mr. Dalton?

MR. DALTON [Defense counsel]: Yes."

During his testimony, defendant stated that he had some cocaine in his mouth when he was chased by the police and while he was at the Wheaton police department.

Before real evidence may be admitted at trial, the State must provide an adequate foundation, either through testimony or stipulation, that establishes that the item sought to be introduced is the actual item involved in the alleged offense and that its condition is substantially unchanged. *Cowans*, 336 Ill. App. 3d at 176. Where an item possesses unique and readily identifiable characteristics and its substance is relatively impervious to change, an adequate foundation is laid by testimony that the item sought to be admitted is the same one recovered and in substantially the same condition as when

recovered; however, if the item is not readily identifiable or is susceptible to alteration by tampering or contamination, its chain of custody must be established with sufficient completeness to render it improbable that the original item has been exchanged, contaminated, or subjected to tampering. *Cowans*, 336 Ill. App. 3d at 176. A sufficiently complete chain of custody does not require that every person in the chain testify, nor must the State exclude all possibilities that the evidence may have been subjected to tampering; however, the State must demonstrate that it took reasonable protective measures from the time that the evidence was seized and that the evidence has not been changed in any important respect. *Cowans*, 336 Ill. App. 3d at 177. A sufficiently complete chain will include delivery, presence, and safekeeping of the evidence. *Cowans*, 336 Ill. App. 3d at 178.

■ Here, the State has failed to provide a sufficient chain of custody. Deputy Korman testified that he recovered "two packs," which he described as two black baggies. Defendant spit out only one packet during the second search of his mouth; left unsaid was when and where the other pack was found. Korman gave these items to unidentified transport officers from Wheaton. It was stipulated that Claire Donaghey would testify that she received two black baggies from the Wheaton police department, again with no delivering officer or time specified. While Korman testified that the photograph showed the baggies as they appeared on the night they were recovered, there was no evidence as to where the second baggie was found, the length of time it was unaccounted for before it was found, who handled the baggies between the time Korman turned them over to the transport officers and the time the baggies were delivered to the crime lab, when the baggies were delivered to the crime lab, and which baggie tested positive for cocaine. While not *all* of this evidence may have been required, *none* was provided. This chain of custody is missing too many links, and it is insufficient to sustain defendant's conviction. Where the State fails to prove its case, evidentiary insufficiency requires this court to reverse a conviction outright. *Cowans*, 336 Ill. App. 3d at 181. Thus, we must reverse defendant's conviction on the controlled substance count as against the manifest weight of the evidence.

For these reasons, we reverse defendant's convictions, and we remand for a new trial on the charges of residential burglary.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded in part for further proceedings.

Reversed; cause remanded in part.

BOWMAN and HUTCHINSON, JJ., concur.