# Illinois Official Reports

## Appellate Court

---

*People v. Neely*, 2013 IL App (1st) 120043

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ORLANDO NEELY, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-0043 |
| Filed | November 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for unlawful use of a weapon by a felon, defendant's contentions that the statute creating the offense was unconstitutional and that the trial court abused its discretion in admitting his prior convictions for murder and possession of a controlled substance for impeachment purposes were rejected, since the second amendment right to possess and use a firearm outside the home for self-defense is not unlimited and laws may prohibit felons from possessing firearms, and the record showed the trail court was aware of the *Montgomery* rule, a conviction beyond the 10-year limitation period was excluded, and there was no indication the balancing test was not properly applied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-8060; the Hon. Joseph G. Kazmierski, Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on | Michael J. Pelletier, Alan D. Goldberg, and Lauren A. Bauser, all of |

Appeal                    State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Carol L. Gaines, and Jessica R. Ball, Assistant State's Attorneys, of counsel), for the People.

Panel                    JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Simon and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1      Following a bench trial, defendant Orlando Neely was convicted of unlawful use of a weapon by a felon (UUWF) and sentenced to three years' imprisonment. On appeal, defendant contends that his conviction for UUWF must be vacated because the statute creating the offense violates the second amendment right to bear arms for self-defense. Defendant also contends that the trial court abused its discretion by admitting his prior convictions for impeachment purposes without determining whether the danger of unfair prejudice substantially outweighed their probative value. We affirm.

¶ 2      Defendant was charged with two counts of UUWF (counts I and II) and one count of aggravated unlawful use of a weapon (AUUW) (count III) stemming from an incident on May 8, 2011, where police stopped the vehicle defendant was riding in for a broken taillight. During a search of the vehicle, police recovered a gun that, according Officer Fetzer, defendant admitted belonged to him.

¶ 3      At trial, Officer Matthew Fetzer testified that at about 11:39 p.m. on May 8, 2011, he was in a squad car with his partners, Officers Tim Bubacz and Jimmy Sherlock, in the vicinity of 6306 South Damen Avenue in Chicago. As they were driving, Fetzer saw a vehicle, which had four people inside including defendant who was in the rear passenger seat, with a broken taillight. The officers pulled over the vehicle, and one of Fetzer's partners asked the driver for his license. The driver gave police a suspended driver's license. The police ordered everyone to exit the car, and Fetzer performed a custodial search of the vehicle because it was about to be towed. During the search, Fetzer found a loaded handgun on the floor of the rear passenger seat, and the four occupants of the vehicle were arrested. Defendant was transported to the police station and advised of his *Miranda* rights. Defendant told Fetzer that the recovered gun belonged to him, and that he had it for protection because he had been shot at a few days before. After the parties stipulated that defendant had a 1992 murder conviction, the State rested.

¶ 4 Defendant testified that after 11 p.m. on May 8, 2011, his nephew, who was driving a vehicle with two passengers inside, picked him up and he sat in the rear passenger seat. Defendant did not notice any guns in the vehicle. Shortly thereafter, the police stopped the vehicle and asked the occupants to get out of the car. The police then searched the vehicle, arrested defendant, and transported him to the police station. At the station, police asked defendant if he owned the gun in question, and he responded negatively. He also denied telling police that he had contact with a gun inside of the vehicle, that he had been shot at recently, and that he had the gun for protection.

¶ 5 In rebuttal, the State offered into evidence the previously received 1992 murder conviction, a 1992 conviction for possession of a controlled substance, and a 2006 conviction for possession of a controlled substance. Defense counsel conceded that the 2006 possession conviction was admissible, but noted that the 1992 conviction for possession of a controlled substance was over 10 years old and thus inadmissible. The State agreed and the court received the 2006 possession conviction and the 1992 murder conviction, for which defendant received a 25-year sentence.[1]

¶ 6 Following argument, the court found defendant guilty of both counts of UUWF and the one count of AUUW. In doing so, the court stated that the evidence was conflicting with regard to possession, but noted that it made a credibility determination after assessing all of the evidence. In sentencing defendant to three years' imprisonment, the court merged counts II (UUWF) and III (AUUW) into count I (UUWF). The court specifically stated during sentencing that defendant would only be sentenced on Count 1, as the mittimus also reflects.

¶ 7 On appeal, defendant contends that his conviction for UUWF must be vacated because the statute creating the offense (720 ILCS 5/24-1.1 (West 2010)) violates the constitutional right to bear arms for self-defense.

¶ 8 Our review of the constitutionality of a statute is *de novo* (*People v. Davis*, 408 Ill. App. 3d 747, 749 (2011)), and a challenge to the constitutionality of a criminal statute may be raised for the first time on appeal (*People v. Marin*, 342 Ill. App. 3d 716, 722 (2003)). Because we assume that a statute is constitutional, the defendant has the burden of showing the constitutional violation. *People v. Sole*, 357 Ill. App. 3d 988, 991 (2005).

¶ 9 The second amendment provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

¶ 10 The relevant provisions in the UUWF statute state:

"It is unlawful for a person to knowingly possess on or about his person *** any firearm *** if the person has been convicted of a felony ***." 720 ILCS 5/24-1.1(a) (West 2010).

¶ 11 After the parties filed their briefs in this case, our supreme court held that the second amendment protects a person's right to keep and bear arms for self-defense. *People v.*

---

[1]The uncontested admission of the 1992 murder conviction was proper because the 10-year time period is based on the release of the witness from confinement. See *infra* ¶ 19.

*Aguilar*, 2013 IL 112116, ¶¶ 21-22. Accordingly, the supreme court held that the aggravated unlawful use of weapons statute was unconstitutional on its face where it banned the possession and use of a firearm for self-defense outside the home. *Id.*

¶ 12    However, the supreme court emphasized that it was "in no way saying that such a right is unlimited or is not subject to meaningful regulation" (*id.* ¶ 21) and expressly recognized that laws can prohibit felons from possessing firearms:

> " 'Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.' [Citation.]
> *** '[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ***.' " *Id.* ¶ 26 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

As such, according to our supreme court ruling in *Aguilar*, the State has a valid interest in preventing felons from possessing firearms. Therefore, defendant's arguments to the contrary fail, and the UUWF statute is valid.

¶ 13    In reaching this conclusion, we note that defendant also argues that his conviction for AUUW is unconstitutional and should be vacated. We acknowledge *Aguilar* held that, on its face, the AUUW statute (720 ILCS 5/24-1.6(a), (a)(3)(A) (West 2010)) violates the right to keep and bear arms, as guaranteed by the second amendment. *Aguilar*, 2013 IL 112116, ¶ 22. However, defendant's challenge to his AUUW conviction is not properly before this court.

¶ 14    The supreme court has long held that "it is axiomatic that there is no final judgment in a criminal case until the imposition of sentence, and, in the absence of a final judgment, an appeal cannot be entertained." *People v. Flores*, 128 Ill. 2d 66, 95 (1989). Nonetheless, the supreme court has also held that this court should entertain jurisdiction where a greater conviction is vacated so that a nonfinal, unsentenced conviction can be reinstated. *People v. Dixon*, 91 Ill. 2d 346, 353-54 (1982). This holding, however, is applicable in somewhat limited factual circumstances. See *People v. Ramos*, 339 Ill. App. 3d 891, 906 (2003) ("we believe that *Dixon* must be narrowly construed as not sanctioning the *** review of unappealed and unsentenced convictions when the greater offense has not been reversed and vacated"); accord *Aguilar*, 2013 IL 112116, ¶¶ 7, 24, 28, 30 (the AUUW conviction was reversed; the unsentenced conviction for unlawful possession of a firearm (UPF) was affirmed and the cause was remanded for imposition of sentence on the UPF conviction).

¶ 15    Here, no sentence was imposed on defendant's AUUW conviction. Instead, the trial court merged that conviction into, and then imposed sentence upon, the UUWF conviction. Moreover, defendant's UUWF conviction has not been reversed. As a result, no challenge to his unsentenced conviction for AUUW is properly before us. Therefore, we will not consider defendant's challenges to his unsentenced AUUW conviction.

¶ 16    Defendant next contends that the trial court abused its discretion by admitting defendant's prior convictions, *i.e.*, a 1992 murder and a 2006 possession of a controlled substance, for impeachment purposes without determining whether the danger of unfair prejudice

substantially outweighed any probative value of the convictions. He maintains that under the circumstances of this case, the trial court's omission constituted plain error under the closely balanced evidence prong.

¶ 17    In so arguing, defendant anticipates the State's initial response that he has forfeited this issue by failing to object to the admission of these convictions at trial or raise it in his motion for a new trial. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). In addition, the State asserts that plain error review is unwarranted in this case because the evidence was not closely balanced. *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005). To address this contention, we must first determine whether any error occurred, which entails a substantive look at the issue raised. *People v. Naylor*, 229 Ill. 2d 584, 593 (2008).

¶ 18    The rule adopted by our supreme court in *People v. Montgomery*, 47 Ill. 2d 510, 516 (1971), provides that evidence of a witness's prior conviction is admissible to attack his credibility where: (1) the prior crime was punishable by death or imprisonment in excess of one year, or involved dishonesty or false statement regardless of the punishment; (2) less than 10 years have elapsed since the date of conviction of the prior crime or release of the witness from confinement, whichever is later; and (3) the probative value of admitting the prior conviction outweighs the danger of unfair prejudice. This last factor involves a balancing test where the trial court determines the probative value of the convictions and weighs that against the danger of unfair prejudice. *People v. Atkinson*, 186 Ill. 2d 450, 456 (1999). The trial court's decision as to the admissibility of a conviction for impeachment purposes will not be reversed absent an abuse of discretion. *People v. Dixon*, 308 Ill. App. 3d 1008, 1017 (1999).

¶ 19    Our supreme court has urged trial courts to avoid mechanically applying the *Montgomery* rule to admit all types of convictions, but it has not held that the trial court must explicitly discuss its consideration of the balancing test on the record. *People v. Mullins*, 242 Ill. 2d 1, 16 (2011); *People v. Williams*, 161 Ill. 2d 1, 39 (1994). Absent an express indication that the trial court was unaware of its obligation to balance these factors, a reviewing court will assume that the trial court gave the factors appropriate consideration. *People v. Watkins*, 206 Ill. App. 3d 228, 245 (1990).

¶ 20    Here, the trial court was aware of the *Montgomery* rule. The record shows that the trial court considered whether defendant's prior convictions fell within the 10-year limitation period. In receiving two of defendant's prior convictions, the court noted that it was excluding his 1992 possession of a controlled substance conviction because it was beyond the 10-year limit. Moreover, there is no indication in the record that the trial court did not properly perform the balancing test. The fact that the trial court here was aware of the *Montgomery* rule and properly applied it distinguishes this case from *People v. Whirl*, 351 Ill. App. 3d 464 (2004), relied on by defendant. See *Whirl*, 351 Ill. App. 3d at 467 (in announcing its decision to virtually admit the defendant's entire criminal history, the court affirmatively misstated the law, preventing it from meaningfully exercising its discretion).

¶ 21    Alternatively, defendant argues that even if the court had properly considered the *Montgomery* factors, defendant's prior convictions for possession of a controlled substance and murder should not have been admitted because they did not bear directly on his

truthfulness as a witness. We disagree. Prior drug-related convictions may indeed be admissible and probative of a witness's credibility in appropriate circumstances. See *People v. Walker*, 157 Ill. App. 3d 133, 136-37 (1987) (stating that "Illinois courts consistently have determined that a conviction for the unlawful possession or delivery of controlled substances would be the type of conviction which would be probative of credibility and would afford a basis for impeaching credibility"). In addition, this court has found prior convictions for crimes other than for an offense based on dishonesty as indicative of truthfulness and thus admissible. See *People v. Williams*, 230 Ill. App. 3d 761, 784-85 (1992) (admitting prior murder conviction in a murder case). We thus find that the trial court did not abuse its discretion in admitting defendant's prior convictions.

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 23    Affirmed.