# Illinois Official Reports

## Appellate Court

---

### *People v. Winston*, 2015 IL App (1st) 140234

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTOINE WINSTON, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-0234 |
| Filed | October 19, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-13492; the Hon. Thomas V. Gainer, Judge, presiding. |
| Judgment | Affirmed; mittimus modified. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Autumn Renee Fincher, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE LIU delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, the circuit court found defendant, Antoine Winston, guilty of four counts of aggravated unlawful use of a weapon (AUUW). At sentencing, the court merged defendant's convictions into one count of the Class 2 form of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)) and sentenced defendant to five years' imprisonment. On appeal, defendant contends: (1) that the Class 2 form of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute is void as a result of our supreme court's decision in *People v. Aguilar*, 2013 IL 112116; (2) that his convictions under section 24-1.6(a)(1), (a)(3)(C) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012)) must be vacated because the State failed to prove that he did not have a valid Firearm Owner's Identification (FOID) card; and (3) that his mittimus must be corrected to reflect the charge under which his sentence was imposed. For the following reasons, we affirm and order the mittimus corrected.

¶ 2                                            BACKGROUND

¶ 3    On July 11, 2012, defendant was arrested by the Chicago police after he allegedly disposed of a firearm while attempting to evade police officers during a foot chase. The State charged defendant with one count of being an armed habitual criminal, one count of unlawful use or possession of a weapon by a felon (UUW), and four counts of AUUW.

¶ 4    During the bench trial, Chicago police officer James Tucker testified that on the evening of July 11, 2012, he was working with two of his partners in the area of 6631 South Marshfield Avenue in Chicago. He was in plainclothes and in an unmarked vehicle. About 8:38 p.m., he saw defendant walking southbound on the sidewalk near 6631 South Marshfield Avenue. Defendant looked in his direction, then "grabbed" his waistband area and walked at an angle toward a white van parked nearby. Officer Tucker and his partners pulled up in their vehicle next to the van, but lost sight of defendant. Officer Tucker then exited his vehicle, thinking that defendant might be armed and hiding alongside the van. When he went around the van's rear, he saw defendant about 20 feet away, running northbound on the sidewalk. Defendant eventually turned eastbound and entered a gangway at 6611 South Marshfield Avenue. As he chased defendant, Officer Tucker saw defendant make a sweeping motion with his right hand toward his front waistband and throw a dark-colored handgun off to his right side, resulting in a sound "like the gun hit the house." Defendant looked back, tripped, and fell, at which point Officer Tucker caught up to him and instructed him to stay on the ground with his hands behind his back. When defendant tried to get up, Officer Tucker "put him in a squeeze" from behind and told him to stop resisting. He screamed, "[H]elp, I'm in the backyard." Soon, a squad car pulled into the alley, and an officer hopped the back fence and helped Officer Tucker place defendant in handcuffs.

¶ 5    Officer Tucker testified that he never lost sight of defendant during the chase, and he did not recall seeing any other person enter the gangway as he was detaining defendant. He subsequently went back through the gangway and recovered a handgun in the area between the fence and the house at 6613 South Marshfield Avenue. He noticed that the gun's magazine was "bent and dislodged, like it had struck something." Officer Tucker stated that he found no other handgun or similar objects in the gangway. He did not know an individual named Vontrell Collier and had never seen Collier before. On redirect, Officer Tucker

testified that defendant was holding his waistband throughout the chase. He also testified that the recovered handgun was a 9-millimeter semiautomatic Glock containing 21 live rounds.

¶ 6    The State presented certified copies of defendant's two prior felony convictions: one for delivery of a controlled substance and one for the manufacture and delivery of a controlled substance. One of these convictions was in the name "Aaron Milons" and the other was in the name of "Kevin Winston," both of which were aliases allegedly used by defendant. After the State rested, defendant moved for a directed finding on the armed habitual criminal charge. The court denied his motion.

¶ 7    The defense called Vontrell Collier as its only witness. Collier testified that he was "[h]anging out" in the area of 6631 South Marshfield Avenue on the date and time in question. According to Collier, other people were on the street, including defendant. He testified that when the police exited their car, he and defendant both ran. Collier ran to the gangway at 6611 South Marshfield Avenue and was followed by a police officer. He entered the gangway through the gate and threw a gun on the other side of the fence and continued to run. Collier testified that defendant had already been apprehended by police in the backyard. Collier hopped the fence and continued running for another block. He explained that he had decided to testify on behalf of the defense because "it was wrong for another person to get locked up for something [he] did."

¶ 8    The trial court ultimately found defendant not guilty of the armed habitual criminal and UUW charges because these offenses were predicated on defendant's prior felony convictions and the State failed to introduce evidence linking defendant to the alleged aliases listed on the certified convictions. The court, however, found defendant guilty of all four counts of AUUW. It subsequently denied defendant's motion for a new trial.

¶ 9    At sentencing, the parties stipulated that defendant had a prior felony conviction for the manufacture and delivery of a controlled substance under the alias Kevin Winston. The court merged defendant's convictions into count III, which alleged the Class 2 form of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)), and sentenced defendant to five years' imprisonment. This appeal followed.

¶ 10                                   ANALYSIS

¶ 11             A. Class 2 Form of Section 24-1.6(a)(1), (a)(3)(A) Post-*Aguilar*

¶ 12    Defendant contends that his AUUW conviction under count III must be vacated based on our supreme court's decision in *Aguilar*. The State responds that the Class 2 form of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute was unaffected by *Aguilar* and is constitutional. We review the constitutionality of a statute *de novo*. *People v. Richardson*, 2015 IL 118255, ¶ 8.

¶ 13    Section 24-1.6 of the AUUW statute provides in relevant part:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; [and]

*** *

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]

* * *

(d) Sentence.

(1) Aggravated unlawful use of a weapon is a Class 4 felony ***.

***

(3) Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years." 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2012).

¶ 14   In *Aguilar*, our supreme court held that the Class 4 form of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute violated the second amendment of the United States Constitution. U.S. Const., amend. II; *Aguilar*, 2013 IL 112116, ¶ 22. The supreme court declined to rule on the constitutionality of the Class 2 form of the offense, stating:

"[W]e reiterate and emphasize that our finding of unconstitutionality in this decision is specifically limited to the Class 4 form of AUUW, as set forth in section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute. We make no finding, express or implied, with respect to the constitutionality or unconstitutionality of any other section or subsection of the AUUW statute." *Id.* ¶ 22 n.3.

¶ 15   Defendant was convicted of the Class 2 form of AUUW based on a prior felony conviction. He argues that, even though *Aguilar* did not rule on the constitutionality of the Class 2 form of AUUW, this court is compelled to vacate his conviction under that decision. In short, he argues that the sentence enhancement provision of the AUUW statute is not an element of AUUW and that he, therefore, was convicted under the very same statute struck down in *Aguilar*.

¶ 16   In *People v. Burns*, 2013 IL App (1st) 120929, *appeal allowed*, No. 117387 (Ill. May 28, 2014), this court rejected a similar argument. We noted that, in *Aguilar*, the supreme court had "observed that the right to keep and bear arms is subject to meaningful regulation," including "*longstanding prohibitions on the possession of firearms by felons.*" (Emphasis in original and internal quotation marks omitted.) *Id.* ¶ 25. We also noted that the United States Supreme Court has described such provisions as " 'presumptively lawful.' " *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 627 n.26 (2008)). Looking at *Aguilar*, we observed that the court affirmed the defendant's age-based conviction for unlawful possession of a firearm "based on the almost 150-year history of laws banning the juvenile possession of firearms." *Id.* ¶ 26. Noting that "the history of prohibitions on the possession of firearms by felons ha[d] been expressly recognized by the United States Supreme Court and the Illinois Supreme Court," we concluded that the possession of firearms by felons was not conduct protected by the second amendment. *Id.* ¶ 27. Accordingly, we rejected defendant's constitutional challenge to the Class 2 form of AUUW. *Id.* This court has followed the rationale of *Burns* in subsequent cases involving the constitutionality of the Class 2 form of AUUW. *People v. Moore*, 2014 IL App (1st) 110793-B, ¶ 17; *People v. Soto*, 2014 IL App

- 4 -

(1st) 121937, ¶ 14. We see no reason to depart from these cases and the well-reasoned decision in *Burns*. We therefore hold that the Class 2 form of section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute does not violate the second amendment and survives the supreme court's decision in *Aguilar*.

¶ 17    B. Defendant's Challenges to His Other AUUW Convictions

¶ 18    Defendant has also challenged the constitutionality of his Class 2 AUUW conviction under count V and the sufficiency of the evidence to sustain his AUUW convictions under counts IV and VI, both of which alleged that defendant possessed a firearm without a valid FOID card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2012)). Because no sentence was imposed on these convictions, we decline to consider these challenges.

¶ 19    It is well settled that "[t]he final judgment in a criminal case is the sentence, and, in the absence of the imposition of a sentence, an appeal cannot be entertained." *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). Here, the court sentenced defendant to five years' imprisonment on one count of Class 2 AUUW (count III) and merged defendant's remaining convictions, including his other Class 2 AUUW conviction (count V) and his AUUW convictions for possessing a firearm without a valid FOID card (counts IV and VI). In *Neely*, this court declined to consider a defendant's challenge to a nonfinal, unsentenced conviction, where, as here, it was merged at sentencing, stating:

"Here, no sentence was imposed on defendant's AUUW conviction. Instead, the trial court merged that conviction into, and then imposed sentence upon, the UUWF conviction. Moreover, defendant's UUWF conviction has not been reversed. As a result, no challenge to his unsentenced conviction for AUUW is properly before us. Therefore, we will not consider defendant's challenges to his unsentenced AUUW conviction." *People v. Neely*, 2013 IL App (1st) 120043, ¶ 15.

As we did in *Neely*, we decline to consider defendant's challenges to his nonfinal, unsentenced convictions under counts IV, V, and VI.

¶ 20    Defendant argues that we may consider unsentenced convictions so long as the case is properly on appeal from a final judgment on another offense. In support, he cites *People v. Scott*, 69 Ill. 2d 85 (1977), and *People v. Burrage*, 269 Ill. App. 3d 67 (1994). We find *Scott* inapposite. Unlike here, *Scott* did not involve the substantive merits of an unsentenced conviction. The sole issue before the court in that case was "whether, having before it the defendant's appeal seeking reversal of the conviction for aggravated kidnapping, the appellate court was empowered to remand the cause for imposition of sentence." *Scott*, 69 Ill. 2d at 87. Notably, the *Scott* court specifically stated that it was not considering the issue of whether the order appealed from was final and appealable. *Id.* at 89. We find defendant's reliance on *Scott* misplaced.

¶ 21    *Burrage*, on the other hand, appears to support defendant's claim that we may consider his unsentenced convictions. In *Burrage*, a panel of this court stated an exception to the general rule that a finding of guilty, absent a sentence, cannot be appealed. *Burrage*, 269 Ill. App. 3d at 72. The court stated that a reviewing court may consider an unsentenced conviction if there was a "proper appeal from the final judgment of another offense." *Id.* Put another way, so long as a sentence has been imposed on any one offense, defendant may challenge each and every one of his nonfinal, unsentenced convictions.

¶ 22     While *Burrage* has not been overruled, we find that it is inconsistent with the current state of the law, and, therefore, we decline to follow it. Our supreme court has held that the appellate court "should entertain jurisdiction where a greater conviction is vacated so that a nonfinal, unsentenced conviction can be reinstated." *Neely*, 2013 IL App (1st) 120043, ¶ 14 (citing *People v. Dixon*, 91 Ill. 2d 346, 353-54 (1982)). This court, however, has found this holding to be limited in scope. *Id.* In the absence of a reversal of a greater conviction, we do not believe that it would be proper to consider the merits of convictions for which a sentence has yet to be imposed; that is, convictions which have yet to be made final. Accordingly, we reject defendant's reliance on *Burrage* and decline to consider his challenges to his other nonfinal, unsentenced convictions.

¶ 23                               C. Mittimus Correction

¶ 24     Defendant lastly contends that his mittimus should be corrected to reflect that he was convicted of carrying a firearm on or about his person. The mittimus currently indicates that defendant was convicted of possessing a firearm in a vehicle and does not contain the full statutory citation for the offense. The State concedes that a correction is warranted, and we agree. Pursuant to our authority under Illinois Supreme Court Rule 615, we order the clerk to correct defendant's mittimus to reflect his conviction of Class 2 AUUW based on his carrying on or about his person a firearm while having been previously convicted of a felony. The correct statutory citation is section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 2012 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012)).

¶ 25                                      CONCLUSION

¶ 26     For the foregoing reasons, we order the clerk to modify defendant's mittimus as directed and affirm the judgment in all other respects.

¶ 27     Affirmed; mittimus modified.