2026 IL App (1st) 241501-U

No. 1-24-1501

Order filed February 17, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 16629 |
| | ) | |
| JERRY WILLIAMS, | ) | Honorable |
| | ) | Michael R. Clancy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's order dismissing defendant's petition for relief from judgment affirmed where the subsection of the aggravated unlawful use of a weapon (AUUW) statute under which he was convicted is not facially unconstitutional. This court lacks jurisdiction to review defendant's unsentenced counts that merged into his AUUW conviction.

¶ 2    Defendant Jerry Williams appeals from an order of the circuit court dismissing his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, defendant contends that the provision of the aggravated

unlawful use of a weapon (AUUW) statute under which he was convicted is facially unconstitutional pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), because it criminalizes the possession of a firearm for self-defense without a concealed carry license in violation of the second amendment of the United States Constitution (U.S. Const., amend. II). Defendant further argues that findings of guilt on unsentenced counts, which had merged into the conviction for AUUW, are likewise void pursuant to *Bruen*. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was charged with four counts of AUUW and two counts of unlawful use or possession of a weapon by a felon (UUWF). Count I charged defendant with AUUW for carrying a loaded and accessible handgun without a valid concealed carry license (CCL), while not on his land or in his abode, legal dwelling, or place of business, nor as an invitee with permission to do so (720 ILCS 5/24-1.6 (a)(1), (3)(A-5) (West 2014)). Count II charged the same for carrying a handgun without a valid FOID card (*id.* § 24-1.6 (a)(1), (3)(C)). Count III charged defendant with AUUW for carrying a handgun on any public street without a valid CCL (*id.* § 24-1.6(a)(2), (3)(A-5)), and count IV charged the same for carrying a handgun without a valid FOID card (*id.* § 24-1.6 (a)(2), (3)(C)). Counts V and VI charged defendant with UUWF for possession of a firearm, and firearm ammunition, respectively, after having been convicted of aggravated driving while under the influence (*id.* § 24-1.1(a)).

¶ 5     Following a 2017 bench trial, in which he proceeded *pro se*, defendant was found guilty of the six charged offenses. Evidence established that on the evening of October 19, 2016, on the 5500 block of West Quincy Street, a Chicago police officer witnessed defendant place a handgun on the ground outside a residence. At the scene and at trial, defendant conceded that he lacked a

CCL or FOID card. The court merged the findings of guilt into count I, AUUW for carrying a loaded and accessible handgun without a valid CCL, and imposed five years' imprisonment. We affirmed on direct appeal. *People v. Williams*, 2020 IL App (1st) 180471-U.

¶ 6 On June 4, 2024, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)), alleging that his conviction for AUUW was facially unconstitutional under the second amendment to the United States Constitution and void pursuant to *People v. Aguilar*, 2013 IL 112116, and *People v. Burns*, 2015 IL 117387. Specifically, defendant alleged that section 24-1.6(a)(1) of the AUUW statute under which he was convicted (720 ILCS 5/24-1.6(a)(1) (West 2014)) was "nearly identical" to the "2008 AUUW statute" that was found to be unconstitutional and void under *Aguilar*.

¶ 7 The circuit court denied defendant's petition by written order, finding that "the statute upon which petitioner was convicted, 720 ILCS 5/24-1.6(a)(1)/(3)(A-5)—which includes language that the petitioner had not been issued a currently valid license under the firearm concealed carry act at the time of the offense—is not facially unconstitutional." The court added that the statute did not violate the Second Amendment and that the statute was "not a 'flat ban' on carrying or possessing a firearm."

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, defendant contends that his conviction for AUUW (count I) relies on a section of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2014)) that is void *ab initio* pursuant to *Bruen*. He further contends that his merged findings of guilt are likewise void pursuant to *Bruen*, and requests that this court review and reverse them.

¶ 10 Section 2-1401 of the Code establishes a statutory procedure for a party seeking to vacate a final judgment, including a criminal conviction, that was entered more than 30 days prior. 735 ILCS 5/2-1401 (West 2022). The circuit court may dismiss a section 2-1401 petition *sua sponte* if, after taking all well-pled facts as true, it finds no meritorious legal basis for relief. *People v. Stoecker*, 2020 IL 124807, ¶¶ 19, 33. The dismissal of a section 2-1401 petition is reviewed *de novo*. *People v. Wells*, 2023 IL 127169, ¶ 23.

¶ 11 Generally, a section 2-1401 petition must be filed within two years after the entry of the judgment being challenged. 735 ILCS 5/2-1401 (West 2022). However, a void judgment may be challenged at any time, and a judgment will be considered void when it is based on a statute that is facially unconstitutional and void *ab initio*. *Stoecker*, 2020 IL 124807, ¶ 28.

¶ 12                                  A. Defendant's *Bruen* Challenge

¶ 13 Defendant asserts that the CCL requirements under section 24-1.6(a)(1), (a)(3)(A-5), which incorporate FOID card licensure, are inconsistent with "this nation's historical tradition of firearm regulation" under *Bruen*.

¶ 14 A defendant may assert either a facial or an as-applied constitutional challenge to a statute. See *People v. Daniels*, 2025 IL App (1st) 230823, ¶ 27. Litigants raising constitutional challenges "carry the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." *People v. Rizzo*, 2016 IL 118599, ¶ 23. Accordingly, they must clearly establish that the statute violates the Constitution. *Id.* Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of validity. *Id.* We review *de novo* the question of whether a statute violates the Constitution. *Daniels*, 2025 IL App (1st) 230823, ¶ 27.

¶ 15    Law-abiding, responsible citizens bear the right "to use arms in defense of hearth and home" under the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); see also *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010). *Bruen* presents a two-part inquiry for evaluating the constitutionality of firearm regulations. *Bruen*, 597 U.S. at 17, 24-25. The inquiry first considers whether the plain text of the Second Amendment covers the conduct at issue. *Id.* at 17. If so, we proceed to the second inquiry, wherein the government bears the burden of justifying the regulation of that conduct by demonstrating "that the regulation is consistent with the Nation's historical tradition of firearm regulation." *Id.*; *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 52.

¶ 16    The Illinois Supreme Court recently held in *People v. Thompson*, 2025 IL 129965, that section 24-1.6(a)(1), (a)(3)(A-5) is "not facially unconstitutional under the second amendment." *Id.* ¶ 3. The court further found that "the United States Supreme Court's express endorsement of shall-issue licensure obviates the need" for the court to apply *Bruen*'s text-and-history analysis to a defendant's facial challenge to section 24-1.6(a)(1), (a)(3)(A-5) and "its enforcement of CCL and FOID card licensure." *Id.* ¶ 44.

¶ 17    We are not persuaded by defendant's assertion that we should "temper the State's reliance" upon *Thompson*, an Illinois Supreme Court case that is controlling on this matter. To the contrary, this court is "obliged to follow the decisions of the Supreme Court of Illinois and of the United States Supreme Court, as both tribunals exercise appellate jurisdiction of the Appellate Court of Illinois." *People v. Boss*, 2025 IL App (1st) 221855, ¶ 34. Consequently, we reject defendant's facial challenge to the constitutionality of section 24-1.6(a)(1), (a)(3)(A-5) of the AUUW statute. The circuit court did not err in dismissing defendant's section 2-1401 petition.

¶ 18                           B. Defendant's Merged Convictions

¶ 19    Defendant asserts for the first time on appeal that his findings of guilt under counts II, III, IV, V, and VI for AUUW and UUWF are likewise unconstitutional under *Bruen* and asks this court to review and reverse his merged counts. These claims, however, are not properly before this court.

¶ 20    Subject to limited exceptions, this court has jurisdiction to consider appeals only from final judgments. *People v. Jamison*, 2018 IL App (1st) 160409, ¶¶ 34, 37. There is no final judgment in a criminal case until the imposition of a sentence. *People v. Relerford*, 2017 IL 121094, ¶ 71. "[I]n the absence of a final judgment, an appeal cannot be entertained." *People v. Neely*, 2013 IL App (1st) 120043, ¶ 14 (court declined to consider defendant's challenge to a non-final, unsentenced conviction where it had been merged at sentencing).

¶ 21    Here, the circuit court imposed no sentence on defendant's AUUW and UUWF findings of guilt under counts II through VI. Instead, the circuit court merged those findings into count I for AUUW, and then imposed sentence solely upon count I. Because no sentence was imposed on counts II through VI, these counts lack a final judgment.

¶ 22    In reaching this conclusion, we are not persuaded by the cases defendant asserts support this court's "jurisdiction to decide [his] unsentenced convictions." See, *e.g.*, *People v. Dixon*, 91 Ill. 2d 346, 349, 353 (1982) (this court is authorized to remand for imposition of a sentence where the trial court failed to impose sentence on two offenses that it erroneously believed had merged into the other offenses for which it had imposed sentence and one of the appealed convictions had been vacated).

¶ 23 In *Relerford*, the supreme court explicitly limited *Dixon's* application to "the type of factual situation presented in that case." *Relerford*, 2017 IL 121094, ¶ 74. That is, the appellate court lacks jurisdiction to determine "the validity of [a] defendant's unsentenced convictions" where, unlike in *Dixon*, the circuit court did not erroneously merge counts and where the sentenced conviction is not vacated. *Id.* ¶ 75. Contrary to defendant's argument, this is not one of those limited circumstances; instead, defendant's sentenced conviction for AUUW stands and he raises no argument that merger of the other counts was improper.

¶ 24                                    III. CONCLUSION

¶ 25 Defendant's facial challenge, under *Bruen*, to his AUUW conviction in count I fails given our jurisprudence upholding the constitutionality of the statute at issue (720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2014)). The circuit court did not err in dismissing defendant's section 2-1401 petition. Further, this court lacks jurisdiction to review his nonfinal unsentenced findings of guilt in counts II through VI. Accordingly, we affirm the ruling of the circuit court.

¶ 26 Affirmed.